■ BOARD OF EDUCATION, LAKELAND CENTRAL SCHOOL DISTRICT OF SHRUB OAK, Respondent, v LAKELAND FEDERATION OF TEACHERS, LOCAL 1760, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County, entered October 15, 1975, which, *inter alia,* vacated the demand for arbitration. Order reversed, on the law, without costs or disbursements, petition dismissed on the merits, and the parties are directed to proceed to arbitration. No questions of fact were considered on this appeal. Petitioner and appellant, the duly certified collective bargaining agent for all teachers and related personnel in petitioner's school district, entered into a collective bargaining agreement covering the period of July 1, 1973 through June 30, 1976. Article XXVII of said agreement provides a complete grievance procedure, culminating in the submission of unresolved grievances to binding arbitration. Apparently as a result of changing student enrollment and/or financial conditions, petitioner decided to abolish some 24 teaching positions in the school district for the 1975–1976 school year. Appellant filed a grievance on behalf of Dawn Gill, alleging that petitioner had violated the collective bargaining agreement when it terminated Mrs. Gill's employment. Specifically, appellant claimed that petitioner failed to recognize Mrs. Gill's prior service in the school district for purposes of seniority—allegedly in contravention of the agreement. (Mrs. Gill had previously been employed for two years as a teacher in the school district, but had resigned in March, 1966.) When the grievance remained unresolved, appellant filed a demand for arbitration. Petitioner's motion to stay arbitration was granted. Special Term stated that, under article XXVII (§ 7, subd [d], par 1) of the agreement, the arbitrator was " 'without power or authority to make any decision * * * contrary to or inconsistent with * * * applicable law, or rules or regulations having the force and effect of law' ". Subdivision 2 of section 2510 of the Education Law, which governs the abolition of positions, provides that "the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued". Special Term, citing *Matter of Ducey* (65 NY St Dept Rep 65, 68), noted that the Commissioner of Education has ruled that, where a teacher leaves the system without obtaining a leave of absence, such teacher commences a new probationary period upon his or her rehiring and that the prior service does not count toward seniority. Thus, Special Term concluded that, by statutory law, and even by public policy, Mrs. Gill's prior service could not be counted toward her seniority and that no collective bargaining agreement could empower an arbitrator to rule otherwise. This ruling, we think, was erroneous. We are not unmindful of the rule of law that, where "there is an imperative provision of the Education Law, to the extent that such provision is imperative [and applicable], it is beyond the power of the parties to alter or modify the statutory provision by collective bargaining, agreement to arbitrate or otherwise" (see *Matter of*

*Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137, 144). However, we agree with appellant that there is no imperative provision in subdivision 2 of section 2510 which prohibits the type of agreement reached by the parties herein or specifically prohibiting petitioner from agreeing to recognize past nonconsecutive teaching service in the same tenure for purposes of seniority credit and layoffs. Special Term's reliance upon the commissioner's 1943 ruling in *Matter of Ducey (supra)* was misplaced. First, as appellant so aptly notes in its reply brief, the *Ducey* decision did not involve subdivision 2 of section 2510 of the Education Law, but rather a prior statute; *Ducey* was decided many years before the advent of public employment collective bargaining. Second, the commissioner's assertion in *Ducey (supra,* p 68) that: "I therefore conclude that the statute in referring to seniority in the system covers the entire *consecutive* time that a teacher has been employed" (emphasis supplied) was made without reference to any legal authority whatsoever, be it legislative history or prior judicial interpretation; the Court of Appeals has cautioned against giving too much weight to the commissioner's unreviewed determination (see *Matter of Baer v Nyquist,* 34 NY2d 291). In a recent case involving seniority rights, there was recognition that a board of education and a teacher's union had the power to more fully define and expand the seniority rights of teachers and that to do so would not violate subdivision 2 of section 2510 of the Education Law *(Matter of Dreyfuss v Board of Educ. of Union Free School Dist. No. 3, Town of Huntington,* 76 Misc 2d 479, 486, affd 45 AD2d 988). Additionally, there is no support for Special Term's conclusion that the board could not recognize past service in the district for purposes of seniority because to do so would violate public policy. The Court of Appeals, in *Matter of Associated Gen. Contrs., N. Y. State Ch. (Savin Bros.)* (36 NY2d 957), discussed the types of public policy questions which would justify judicial intrusion into the arbitration process (i.e., collusive arrangements or illegal conspiracies). Public policy is not violated by the recognition of prior teaching service for purposes of seniority. Indeed, effective August 1, 1975, the rules of the Board of Regents (8 NYCRR 30.1 [f]) provide that, for the purposes of computing seniority, local boards of education are to compute total length of service, whether consecutive or not. Gulotta, P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.