In the Matter of BOARD OF EDUCATION OF THE CITY OF ROCHESTER et al., Respondents, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Appellant, and FRANCES D. UNGERER, Respondent.

Third Department, May 4, 1978

### APPEARANCES OF COUNSEL

*Robert D. Stone* and *Judith M. Hecker* for appellant.

*Adam D. Kaufman (Michael B. Kirschen* of counsel), for Board of Education of the City of Rochester and another, respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

On December 4, 1975 the Superintendent of the Schools of the City of Rochester suspended, without pay, Frances Day Ungerer, a tenured teacher. Formal charges were filed with the board of education which found probable cause and notified Mrs. Ungerer that she could elect to proceed either according to the provisions of section 3020-a of the Education Law or according to the grievance procedure as provided in the collective bargaining agreement between the teachers' union and the city school district. Mrs. Ungerer chose to proceed under the Education Law and appealed her payless suspension to the Commissioner of Education (Education Law, § 310). The commissioner, relying on *Matter of Jerry v Board of Educ.* (35 NY2d 534), sustained the appeal holding that a board of education was not authorized under section 3020-a to withhold pay during a period of suspension pending completion of disciplinary proceedings. Implicit in the commissioner's determination is an administrative directive that discipline of tenured teachers is governed by section 3020-a of the Education Law and that boards of education may not, through collective bargaining, acquire the authority denied them in section 3020-a to withhold pay during a period of suspension. Special Term vacated the commissioner's order and this appeal ensued.*

While the commissioner's determination that section 3020-a of the Education Law absolutely prohibits a school board from negotiating a contract provision for payless suspension of teachers is in error, the judgment, nevertheless, must be reversed and the commissioner's determination reinstated.

■ *Matter of Jerry (supra)* contains no clear prohibition against collective bargaining agreements which provide for payless suspensions. Indeed, the *Jerry* decision indicates the absence of a public policy limitation on such contract provisions, provided the statute does not clearly and expressly prohibit such collective bargaining. Section 3020-a of the Education Law does not. Next, the Court of Appeals in *Matter of Board of Educ. v Yonkers Federation of Teachers* (40 NY2d 268, 273) held, "[t]he public employer's power to bargain

---

* Since determinations of the Commissioner of Education could always be reviewed on the basis of an erroneous determination of law, we need not discuss our scope of review in light of the recent amendment to section 310 of the Education Law (L 1976, ch 857).

collectively, while broad, is not unlimited. Although a public employer is free to negotiate any matter in controversy * * * *it may do so only in the absence of 'plain and clear' prohibitions in statute or controlling decision law, or restrictive public policy"* (citations omitted). (Emphasis added.) That the provisions of section 3020-a are not sacrosanct is further evidenced by the approval of the Court of Appeals of the right of teachers to bargain with school boards to supplement section 3020-a appeal procedures *(Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122, 131-132; cf. *Matter of Kavoukian v Bethlehem Cent. School Dist.,* 63 AD2d 767 [decided herewith]). Thus, it is clear that in the absence of any "plain and clear" prohibitions against bargaining for payless suspensions in section 3020-a of the Education Law, or controlling decisional law or public policy to the contrary, and, further, since any constitutional right to continued payment during suspension by the teacher would be waived by the bargaining agreement *(Antinore v State of New York,* 40 NY2d 921, 922, affg 49 AD2d 6), such agreements are binding, provided the contract specifically provides for suspensions without pay pending resolution of section 3020-a charges. The subject agreement does not so provide.

█ Subdivision 3 of section 41 of the contract states,

"3. Discharge * * * If the City * * * determines that there is good and sufficient cause for discharge, the teacher * * * shall be notified in writing. Notification shall also include whether or not the teacher has been suspended with or without pay pending an investigation and recommendation by the Superintendent to the Board of Education." The agreement then gives the teacher the option of grieving his suspension or going the statutory route. If he chooses the latter course, the contract provides that "all applicable provisions of section 3020-a shall apply." Under *Matter of Jerry (supra)* one of those applicable provisions is the right to be paid pending resolution of section 3020-a charges. Therefore, since we conclude that a collective bargaining agreement between a public employer and employee can only modify or dispense protections afforded the employee by statute when the contract provisions clearly and expressly so provide, we must reverse the judgment below and reinstate the commissioner's determination.

The judgment should be reversed, on the law, without costs.

KANE, STALEY, JR., LARKIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, without costs.