In the Matter of the BOARD OF EDUCATION, HAUPPAUGE UNION FREE SCHOOL DISTRICT, Appellant-Respondent, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents-Appellants.

Third Department, April 21, 1983

APPEARANCES OF COUNSEL

*Cahn, Wishod & Wishod* (*Eugene L. Wishod* of counsel), for appellant-respondent.

*Robert D. Stone* (*Donald O. Meserve* of counsel), for Gordon Ambach, respondent-appellant.

*Paula G. de Dominici* for Raymond F. Germaine and another, respondents-appellants.

LEVINE, J.

The instant appeals involve the authority of respondent Commissioner of Education (commissioner) to compel a school district to provide transportation to a nonpublic school for a student whose parents failed to comply with the requirement of subdivision 2 of section 3635 of the Education Law that applications therefor must be submitted before April 1 of the preceding school year. Under subdivision 1 of section 3635, noncity school districts are mandated to provide students transportation to public and nonpublic schools based upon grade levels and distances, and are permitted to provide more extensive transportation so long as offered equally to all students "in like circumstances". Under subdivision 2 of section 3635, a parent desiring such transportation for a child for the next school year is required to submit a written request not later than April 1 of the preceding school year. Succeeding Commissioners of Education have long held that a school district has complete discretion to adhere to or waive the statutory deadline on applications. However, if a district elects to waive the deadline, the commissioners have applied the "like circumstances" test of subdivision 1 and have held that it must do so for all students similarly situated (see, e.g., *Matter of Holfelder,* 16 Ed Dept Rep 175; *Matter of O'Connell,* 9 Ed Dept Rep 45; *Matter of Perito,* 2 Ed Dept Rep 150). In 1978, the Legislature enacted a second limitation on the discretion of school districts to reject late requests for transportation by adding to subdivision 2 a provision that a late request may not be refused "where a reasonable explanation is provided for the delay" (L 1978, ch 719). Subdivision 2 also provides for an appeal from denial of such request to the Commissioner of Education under section 310 of the Education Law.

In late May, 1981, respondents Germaine applied to the petitioner board of education (board) for transportation for their daughter to a nonpublic school for the 1981-1982 school year. The board denied their request because of lateness and the absence of any reasonable explanation for the delay. The following August, the Germaines renewed their application, this time further alleging that in the

interim the board had approved a late request on behalf of another student for transportation to the same nonpublic school in which they had enrolled their daughter. The board again rejected their request, and the Germaines then appealed to the commissioner. Although the commissioner upheld the board's determination that the Germaines' late awareness of their child's unsatisfactory school performance was not a reasonable explanation for the delay, he sustained their appeal and directed the board to provide the transportation requested. The sole basis for the commissioner's determination was the board's approval of the late request on behalf of the student cited in the Germaines' August application. The commissioner reasoned that in each instance the impetus for the parents' decision to transfer their child to a nonpublic school was their belated perception of the child's unsatisfactory school performance; in this sense, each student was thus in "like circumstances". The commissioner further held that the board could not validly distinguish between the two cases merely on the basis of its agreement or disagreement with the transfer decisions of the parents. The board then brought the instant article 78 proceeding to review the commissioner's determination. Special Term, citing the broad powers of the commissioner to determine section 310 appeals as the chief executive officer of the State system of education, denied the petition, as well as the Germaines' counterclaims for damages and attorney's fees, and these cross appeals ensued.

Indubitably, as Special Term noted, the commissioner has wide discretion to substitute his judgment for that of school boards in applying the "like circumstances" requirement of subdivision 1 of section 3635 to the instances of late application for transportation under consideration here. Nonetheless, the commissioner's determinations under section 310 are now fully subject to ordinary review under CPLR article 78 and may be annulled if arbitrary and capricious (*Matter of Board of Educ. v Nyquist*, 48 NY2d 97, 103). Falling within the "rubric of arbitrariness" are erroneous decisions involving statutes and questions of law (*Matter of Board of Educ. v Nyquist, supra*), and the failure to consider undisputed facts (*Matter of Duncan v*

*Nyquist,* 43 AD2d 630, 632). We believe that such is the case here. In making a determination of like circumstances, the commissioner either ignored or gave no weight to salient distinctions between the two cases regarding the reasons for failure to meet the statutory deadline. In the case of the child whose parents' late application for transportation was accepted, the board's uncontradicted averments establish that it was not until after April 1 that the school district decided that he would not be promoted and that only thereafter, based upon the recommendations of the child's psychotherapist, the parents decided that repeating a grade in a different school would avoid additional emotional trauma to him. Thus, the case was not merely one of belated parental awareness of a child's unsatisfactory school performance. Rather, significant, objectively verifiable factors dictating a transfer of schools in the best interest of the child arose after the statutory deadline. Parenthetically, in analogous cases where similarly significant factors in favor of transfer of schools were not apparent until after April 1 of the pertinent year, the commissioner has held that a reasonable explanation for the delay existed (see *Matter of Handicapped Child,* 20 Ed Dept Rep 529; *Matter of Anonymous,* 20 Ed Dept Rep 406). On the other hand, in the case of the Germaines' application, the board demonstrated by documentary evidence consisting of the child's report card and progress reports that no similarly significant adverse development in their child's scholastic record occurred after April 1. Indeed, the commissioner admits as much by upholding the board's determination that the Germaines lacked a reasonable explanation for their delay.

Since the foregoing distinctions are not adverted to in the commissioner's decision, it appears clear that his determination that the two cases were "in like circumstances" was based solely on other perceived similarities. This, in our view, is impermissible. When, as here, a school board has followed the statutory direction to examine the respective reasons of the applicants for failing to meet the deadline, and has thereby treated the applicants differently, the "like circumstances" standard must also be applied to take into account valid distinctions, if any, in

the causes for delay. In enacting the 1978 amendment to subdivision 2 of section 3635, the Legislature intended to compel school districts to honor late applications for transportation in the exceptional circumstances where the parents reasonably could not have been expected to make a timely request. Certainly, it was not intended that if a school board approved a late application under such unusual circumstances, it was thereby mandated to approve subsequent applications not accompanied by comparable reasonable explanations for delay. This would substantially undermine the purpose of the statutory deadline to enable school districts to plan and budget in advance for their transportation expenses.

The uncontradicted facts clearly establish here that, regarding the respective explanations for failure to meet the statutory deadline, the Germaines and the case relied upon by them and by the commissioner were not "in like circumstances". Therefore, the commissioner's determination based upon his contrary finding must be annulled. In view of the foregoing, the Germaines' counterclaims also should have been dismissed in their entirety.

The order and judgment should be modified, on the law, by reversing so much thereof as dismissed the petition and sustained the determination of respondent Commissioner of Education directing petitioner to provide transportation to and from the nonpublic school for the daughter of respondents Raymond F. and Jane E. Germaine; the petition granted, the determination annulled and the counterclaims dismissed in their entirety, and, as so modified, affirmed, without costs.

YESAWICH, JR., J. (dissenting). I respectfully dissent and vote to affirm. In matters of this nature our review is limited to inquiring whether a rational basis exists for the commissioner's decision; it is the propriety and logic of his decision, not the school board's, which is before us (*Matter of Gundrum v Ambach*, 55 NY2d 872). Gauged by this standard, the commissioner's conclusion that both students were in "like circumstances" should not be faulted.

Noting their respective child's lack of progress in school, the parents of these two children determined that they would perform more satisfactorily in another school. Re-

quests for transportation, to the same parochial school, were then made on behalf of each child; both requests were tardy. The only difference in the children's circumstances is that the decision to enroll the Germaine child in parochial school originated with her parents, while the recommendation to enroll the other child, whose transportation request was honored, emanated from the school district's representatives. In my judgment, the commissioner, in interpreting the statutory language, acted reasonably and well within his authority when he found this to be an insubstantial distinction.

KANE, J. P., MAIN and MIKOLL, JJ., concur with LEVINE, J.; YESAWICH, JR., J., dissents and votes to affirm in an opinion.

Order and judgment modified, on the law, by reversing so much thereof as dismissed the petition and sustained the determination of respondent Commissioner of Education directing petitioner to provide transportation to and from the nonpublic school for the daughter of respondents Raymond F. and Jane E. Germaine; petition granted, determination annulled and counterclaims dismissed in their entirety, and, as so modified, affirmed, without costs.