■ In the Matter of JUNE GARCIA, Appellant, v BOARD OF EDUCATION OF NEWBURGH CITY SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Newburgh City School District terminating petitioner's employment as a teacher of home economics, petitioner appeals from a judgment of the Supreme Court, Orange County (Green, J.), dated January 12, 1983, which dismissed the petition. ¶ Judgment reversed, on the law, without costs or disbursements, petition granted to the extent that the determination is annulled and the matter is remitted to the Board of Education for a new determination consistent herewith. ¶ Petitioner was appointed to a probationary position as a part-time home economics teacher on a three-fifths time schedule, effective September 1, 1979. She served in this position for two full school years, through June, 1981. The seniority lists compiled by the school district indicated that petitioner had accrued 6.5 months of seniority for each school year she taught on a part-time basis. Therefore, according to this formula, petitioner had accrued 13 months of seniority as of June 30, 1981. Respondent Janis Cortright was hired as a full-time probationary teacher of home economics, effective September 1, 1980. She had previously taught home

economics in the Newburgh City School District for six years. She resigned in 1979 to accept a teaching position in another school for one year. She returned to the Newburgh City School District in September, 1980, and accrued 10 months of seniority for the ensuing school year. In the spring of 1981, the respondent Board of Education eliminated one teaching position in home economics, as a result of the reorganization of two of its schools. Petitioner was let go while respondent Cortright was retained. ¶ Petitioner argues that Cortright should have been let go because petitioner had accrued 13 months of seniority and Cortright was entitled to credit for only 10 months of seniority. The respondent Board of Education argues that petitioner, as a part-time teacher, was not entitled to any seniority credit. ¶ Petitioner is correct in her assertion that she is entitled to 13 months of seniority credit for her part-time service because the Board of Education is bound by its unilaterally adopted practice of according seniority credit to part-time teachers (see, generally, *Matter of Lehmann v Board of Educ.*, 82 AD2d 832). This practice is not against public policy (*Matter of Schlosser v Board of Educ.*, 62 AD2d 207, affd 47 NY2d 811), and the governing collective bargaining agreement contains no provision which conflicts with this practice. ¶ Cortright, however, may have greater seniority rights than petitioner. Cortright has six years of prior nonconsecutive service with the Newburgh City School District in the tenure area of home economics. Although we may not conclude that Cortright is entitled to seniority credit for her prior nonconsecutive service as a matter of right because her probationary appointment preceding the service occurred before August 1, 1975 (see 8 NYCRR 30.1 [f]; 30.2 [a]), there is no public policy against according her credit for this service (*Board of Educ. v Lakeland Federation of Teachers,* 51 AD2d 1033). Petitioner's right to the position in issue cannot be resolved until the Board of Education passes upon Cortright's request for six years of additional seniority credit (Education Law, § 2510, subd 2). Accordingly, this matter is remitted to the Board of Education so that it may determine whether it will give Cortright seniority credit for her prior, nonconsecutive service. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.