DONALD ANTINORE, Respondent, v STATE OF NEW YORK et al., Appellants.

Fourth Department, July 18, 1975

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellants.

*Donald E. Grossfield* for respondent.

DEL VECCHIO, J. In this case we consider the validity of a contract provision for binding arbitration in disciplinary proceedings involving civil service employees. The provision is contained in an agreement negotiated between the State of New York and the Civil Service Employees Association (CSEA) as representative of the negotiating unit to which plaintiff belonged.

For several years sections 75 and 76 of the Civil Service Law have provided the procedures and remedies available to covered public employees to challenge disciplinary action taken or proposed to be taken against them by their superiors. A 1970 amendment to section 76 permitted the statutory provisions to be supplemented or modified by a collective

bargaining agreement entered into by the State and an agent of its employees (L 1970, ch 458, § 1). Pursuant to that amendment, the State and its employees' collective bargaining agent, CSEA, agreed, effective April 1, 1972, to an alternate method of disposing of charges against an employee by which the employee might, if he wished, elect to have the charges determined by a hearing officer whose decision as to guilt or innocence was made nonreviewable, either by the Civil Service Commission or by proceedings in court pursuant to CPLR article 78.

In 1972 section 76 of the Civil Service Law was again amended — this time to permit sections 75 and 76 of the statute to be "supplemented, modified or replaced by agreements negotiated between the state and an employee organization pursuant to article fourteen of this chapter" (L 1972, ch 283, § 1). Pursuant to that amendment, on June 20, 1973 the State and CSEA executed an agreement which provided binding arbitration as the method of disposing of challenges to disciplinary action addressed to an employee, and removed—even as an option—resort to the Civil Service Commission or to the court through an article 78 proceeding. The agreement provided in part: "The arbitrator's decision with respect to guilt or innocence, penalty or probable cause for suspension shall be final and binding upon the parties" and "The decision or award of the arbitrator shall be final and binding consistent with the provisions of CPLR Article 75." There is no dispute that under the language of CPLR 7511 judicial disturbance of an award following arbitration in which both parties participated is limited to instances in which (1) there had been corruption, fraud or misconduct in procuring the award, (2) the arbitrator was not impartial or exceeded his power or (3) there was a failure to follow the procedures set forth in article 75. The section does not authorize rejection of an award either for lack of a required quantum of supporting evidence or because of error by the arbitrator in the application of the law.

It is the legislation of 1972 and the agreement of June 20, 1973 that are challenged and have been found violative of the employee's constitutional rights in this declaratory judgment action. The action was instituted by a child care worker at a State Training School of the New York State Division of Youth after service on him of notice of charges and prospective termination of employment. Upon defendants' motion for

summary judgment, Special Term has granted judgment for plaintiff, declaring that the article of the collective bargaining agreement that provides the procedure for arbitration of disciplinary disputes deprives plaintiff of due process and equal protection guaranteed by the Fourteenth Amendment of the United States Constitution, that plaintiff has not waived these guarantees and that the provisions of section 76 of the Civil Service Law are unconstitutional to the extent that they permit sections 75 and 76 of that law to be replaced by the contract provisions as the sole and exclusive disciplinary procedure for the covered employees.

Plaintiff and the court at Special Term, together or separately, have identified several respects in which it is asserted that the arbitration procedure prescribed by the collective bargaining agreement falls short of providing the due process to which plaintiff is entitled before being deprived of the property right in his tenured position enjoyed by him. Among these alleged shortcomings are included the absence of a requirement that the arbitrator state the reasons for his decision, thus impairing its reviewability, the mandate that either party desiring a transcript of the disciplinary arbitration hearing must provide for it at his own expense and furnish copies to the arbitrator and the other party, the absence of need for the arbitrator to be bound by rules of law and the lack of explicit assurance of the right to present witnesses and of confrontation of adverse witnesses. Both plaintiff and Special Term view as a denial of equal protection, and plaintiff conceives it also as a deprivation of due process, that employees covered by the agreement of June 20, 1973—unlike other public employees—are precluded from obtaining a judicial review of the arbitrator's determination in which inquiry may be made as to the substantiality of evidence underlying the determination.

Certain it is that at least some of the foregoing characteristics ascribed to the procedure provided by the collective bargaining agreement cast doubt upon its constitutional sufficiency, and, but for our conclusion with regard to waiver next to be discussed, we would identify provisions which would need to be added to the explicit contractual arbitration scheme—perhaps by a broad reading of the agreement or of CPLR article 75 or both, if permissible—in order that the due process and equal protection requirements might be satisfied. To sustain the constitutionality of the arbitration provisions of

article 33 of the instant agreement, we believe it would be necessary to read into such provisions the procedural safeguards contained in article 75 of the CPLR governing arbitration generally, i.e., CPLR 7506 (subds [c], [d]) (right to present evidence, cross-examine witnesses, determination to be made on evidence produced; right to be represented by counsel) and section 7507 (award to be made in writing). (See *Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493.)

The cited case makes clear, however, that due process requirements — and we think equal protection as well — are not relevant when they have been waived by the party seeking to assert them, as by voluntarily entering into an agreement for the resolution of disputes in a manner which dispenses with one or more of the rights constitutionally guaranteed. "Parties in voluntary agreement are not limited, except for rare matters contrary to public policy, from agreeing to anything they wish" *(Mount St. Mary's Hosp. v Catherwood, supra,* p 507). As the Justice at Special Term recognized, constitutional rights can be waived in most situations *(Gardner v Broderick,* 392 US 273; *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432, cert den 404 US 823), and we believe that in the case before us they have been waived.

Unlike Special Term, we do not view the collective bargaining agreement entered into by the State with the authorized, designated representative of its employees as an instrument instinct with compulsion by virtue of its nascence from the Public Employees' Fair Employment Act's recognition of public employee bargaining agencies in exchange for the employees' loss of the right to strike (Civil Service Law, § 200 *et seq.).* To the contrary, the very circumstance identified by the court below as indicative of the nonconsensual nature of the agreement in question—the almost singular and total power of CSEA to bargain for public employees—lends support to a contrary conclusion, i.e., that the agreement represents a reciprocal negotiation between forces with strengths on both sides, reflecting the reconciled interests of employer and employees, voluntarily entered into. CSEA, as designated bargaining agent for a group of public employees in which plaintiff was included, was agent for plaintiff, such that its assent to the agreement was plaintiff's assent. "[T]he union represents all the employees as to all covered matters" *(Chupka v Lorenz-Schneider Co.,* 12 NY2d 1, 6). The fact that this plaintiff did not himself approve the agreement negoti-

ated by his representative and now disclaims satisfaction with one aspect of the agreement makes it no less binding upon him. Labor relations involving any sizeable group cannot be expected to proceed only with the consent of each member of the group. Orderly process requires that agreements be made and complied with even in the face of minority dissent or disapproval. Plaintiff, as employee, has the benefits of the contract; he must accept also what he may regard as the disadvantages, for in the bargaining process it may well be that the latter were assumed in exchange for the conferral of the former. If plaintiff or others in his unit are dissatisfied with their agent's product, there are means available to effect a change in representation and certification (4 NYCRR Part 201). Meantime, he can no more claim exemption from the negotiated agreement than may a citizen, with impunity, withhold compliance with a statute because he disfavored his legislator's affirmative vote on the enactment.

Plaintiff and Special Term have relied on *Matter of Union Free School Dist. No. 6, Town of Babylon v New York State Div. of Human Rights* (43 AD2d 31, app dsmd 33 NY2d 975) as authority that no waiver has been accomplished by plaintiff by virtue of his membership in the group for which the agreement was secured. It should be noted, however, that in the case cited the court was concerned with a claimed waiver of the right against discrimination—a right reflective of a public interest, the impairment of which violates a public policy of the State as embodied in sections 290 and 291 of the Executive Law. In that setting it is questionable whether a waiver could be effective to legitimatize the proscribed conduct (see *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379).

In the present case, however, we do not perceive that a waiver of plaintiff's individual constitutional rights incidental to a procedure for removal from his employment contravenes any public policy such that the waiver should not be given effect. Indeed, far from violating public policy, the binding arbitration procedures provided by the agreement between the State and CSEA must be viewed as advancing the public good by the expedition of the resolution of disciplinary disputes in a simpler, more prompt manner than would attend their disposition by one of the methods provided by sections 75 and 76 of the Civil Service Law. Thus the provision "carries out Federal and State policy favoring arbitration as a means of resolving

labor disputes [authorities cited]" *(Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v Associated Teachers of Huntington,* 30 NY2d 122, 128).

The judgment should be reversed and summary judgment should be entered in favor of defendants, declaring that the provisions of article 33 of the agreement entered into by and between the State of New York and CSEA on behalf of employees in the Professional, Scientific and Technical Services Unit on June 20, 1973, as applied to plaintiff, are constitutional and valid to the extent that they permit sections 75 and 76 of the Civil Service Law to be replaced by article 33 as the sole and exclusive disciplinary procedure for such employees, and that plaintiff has waived his statutory rights under sections 75 and 76 of the Civil Service Law.

MARSH, P. J., CARDAMONE, MAHONEY and WITMER, JJ., concur.

Judgment unanimously reversed on the law without costs and judgment granted in favor of defendants in accordance with opinion by DELVECCHIO, J.