In the Matter of JOHN KAVOUKIAN et al., Appellants, v BETHLEHEM CENTRAL SCHOOL DISTRICT et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered May 20, 1977 in Albany County, which dismissed petitioners' application in a proceeding pursuant to CPLR article 78. On February 14, 1976 petitioner, John Kavoukian, was suspended without pay from his position as a school bus driver. The notification of suspension advised that the school district intended to dismiss Kavoukian on grounds of incompetency and misconduct pursuant to section 75 of the Civil Service Law. On February 19, 1976 petitioner commenced grievance procedures set forth in the collective bargaining agreement.

Specifications of charges were served on petitioner on March 4, 1976 and a hearing pursuant to section 75 was scheduled for March 12, 1976. Petitioner advised the school district that he would not attend or participate in the civil service hearing. Upon his failure to appear on March 12, 1976, he was discharged. On March 16, 1976 petitioner's grievance of his suspension was denied at Step II of the grievance machinery and on March 25, 1976 petitioner demanded arbitration. Arbitration was concluded on June 14, 1976, but before the arbitrator's decision was announced petitioner commenced this article 78 proceeding seeking to annul his discharge, to be reinstated with back pay and to have a hearing on his discharge. On August 11, 1976 the arbitrator rendered his decision in which he concluded (1) that petitioner's discharge was arbitrable, (2) that the suspension should be upheld, (3) that discharge was not warranted, (4) that petitioner should be restored to his position at the beginning of the 1976-1977 school year, and (5) that petitioner was not entitled to back pay. On October 29, 1976 Special Term dismissed the article 78 proceeding on the ground that petitioner had waived his rights under section 75 of the Civil Service Law when he elected to submit his grievance to arbitration. This appeal ensued. The sole issue is whether petitioner waived any rights he may have had under section 75 of the Civil Service Law when he elected to proceed to arbitration pursuant to the grievance machinery provisions of the collective bargaining agreement. In *Binghamton Civ. Serv. Forum v City of Binghamton* (44 NY2d 23), the Court of Appeals held that disciplinary action against a public employee and appropriate penalties are terms and conditions of employment that may, as here, be agreed between a public employer and employee to be resolved by arbitration. In *Board of Educ. v Associated Teachers of Huntington* (30 NY2d 122), the Court of Appeals noted that section 3020-a of the Education Law provides that before any disciplinary action can be taken against a teacher, a hearing must be afforded but the hearing panel is limited to making a recommendation. It is for the board to make the final decision. Therefore, reasoned the court, "Since a decision by the Board itself to impose discipline is a prerequisite to arbitration, the grievance provision in no way supplants this aspect of the Tenure Law" *(supra,* p 131). Similarly, section 75 of the Civil Service Law requires that a permanent employee not be disciplined "except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section." Thus, by analogy to *Huntington,* we conclude that the grievance provisions of the subject employment contract do not supplant the provisions of section 75 of the Civil Service Law. Therefore, in *Huntington,* as here, the employee "feeling himself aggrieved" by the discipline imposed may appeal to the Commissioner of Education *(Huntington)* or, as here, to the Civil Service Commission, or commence an article 78 proceeding to review the imposed penalty. Accordingly, we conclude that the Legislature has given tenured teachers and permanent civil service employees, as here, alternative methods of statutory appeal. Additionally, however, the court in *Huntington* held the alternate methods of statutory appeal provided by section 3020-a of the Education Law did not preclude the parties from agreeing to a grievance procedure as a third method. Again, by analogy to *Huntington,* we conclude that despite the two statutory methods of appeal provided by section 76 of the Civil Service Law (appeal to commissioner or article 78), the parties could agree to a grievance procedure culminating in arbitration as a third alternative. Therefore, "Once the controversy is heard and a decision arrived at *either* by the arbitrator *or* by the commissioner *or* by the judge, that is the end of the matter" *(Huntington, supra,* p 132). In the case at

hand the arbitrator has rendered his decision and, according to the rationale of *Huntington,* petitioner cannot seek relief pursuant to the statutory remedy of an article 78 proceeding. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.