Rolf M. Sternberg, Esq. Village Attorney, Hoosick Falls
We acknowledge receipt of your letter in which you inquire whether the provisions of Chapter 360 of the Laws of 1911, as amended to date, can be "circumvented" in a village having a police department to which they apply. The present provisions of the statute are found in McKinney's Unconsolidated Laws § 971. The portion thereof which is relevant to your inquiry reads as follows:
 § 971. Police force; division into platoons; restrictions on tours of duty; vacations
 "* * * Within thirty days after this section as hereby amended takes effect, the * * * officer or officers, having the management, control or direction of the police force of any * * * village having a police force of not less than four members, * * * shall not assign any patrolman thereof who may be on duty in the open air, on the streets or other public places to more than one tour of duty; such tour of duty shall not exceed eight consecutive hours of each consecutive twenty-four hours and no patrolman shall be assigned to more than forty hours of duty during any seven consecutive day period; except in an emergency as described in this section or for the purpose of changing tours of duty.
* * *"
The Labor Law § 168 applies to certain custodial personnel in state institutions and is similar to the provisions of the above-quoted statute applicable to village policemen and, in subdivision 2, provides:
 "2. No person to whom this section is applicable shall be required to work more than eight hours in any day or more than forty hours or more than six days in any calendar week except in cases of fire, riot, flood, famine, pestilence or other cases of emergency endangering life or property; provided however, that any such person, upon his own request and with the approval of the head of the institution in which he is employed, may be permitted to work one additional eight-hour day in any calendar week for not more than seven calendar weeks and be allowed continuous days free from duty equivalent to the number of additional days so worked. The provisions of this section shall not be interpreted to increase the number of working days per week of any person from whom a shorter work-day or work-week is now provided."
Labor Law § 168, subdivision 2 was in issue in a recent case entitled:
"STATE OF NEW YORK SUPREME COURT COUNTY OF ALBANY
 NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, CLAYTON DeFAYETTE, WILLIAM SCOTT, and RONNIE CHEESEMAN, individually and on behalf of the class of Correction Officers and Sergeants employed by the New York State Department of Correctional Services,
Plaintiffs,
— against —
 THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES and BENJAMIN WARD, Individually and as Commissioner of the Correctional Services,
Defendants."
The case was argued at Special Term in Albany County on August 11, 1978, before the Honorable Con. G. Cholakis, Justice of the Supreme Court, and a decision rendered on November 6, 1978, which is not yet reported. An issue was whether a collective bargaining agreement entered into between the State and the union representing certain custodial employees could affect the above provisions of the Labor Law. The decision, relying onAntinore v State of New York, 49 A.D.2d 6, affd 40 N.Y.2d 921 (1975) and the cases therein cited, held:
 "* * * It appears to this court that it may only be concluded that Labor Law Section 168 (2) as now enacted does not contain a prohibition of the overtime work complained of, but merely prohibits the requirement or imposition of the same by the employer.
 "In the instant matter, as observed, the plaintiff labor organization and the individual plaintiffs who are represented by such organization have, through the noted agreement, consented to be employed overtime upon certain specific conditions. It is concluded, accordingly, that the statute has not been ignored or violated, but that rather it has been obeyed. There exists no `requirement' or `imposition' of overtime work."
A copy of the full text of the opinion is enclosed herewith for your convenience.
Based upon the foregoing, it is our opinion that in a village having a police department to which McKinney's Unconsolidated Laws § 971 applies, the provisions of that statute may be "circumvented" by a carefully prepared agreement between the village and the collective bargaining agent representing the members of the village police department.
Previous opinions of this office which may have reached a contrary conclusion are hereby superseded and it is pointed out that they were prepared prior to effectiveness of the Taylor Law, which is §§ 200 through 214 of the Civil Service Law.