■ In the Matter of JOHN KAVOUKIAN et al., Respondents, v BETHLEHEM CENTRAL SCHOOL DISTRICT et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered April 12, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to the extent of ordering that petitioner John Kavoukian be restored to the payroll of respondent Bethlehem Central School District until a final arbitration decision is made in a disciplinary proceeding pending against said petitioner and that said petitioner be paid in full for all his lost wages from February 6, 1978 until the date he is restored to the payroll. Petitioner John Kavoukian was employed by the Bethlehem Central School District (district) as a bus driver when, by letter dated April 1, 1977, he was informed by the district that he was being suspended without pay for 30 days, effective immediately, and that it was the district's intention to seek his dismissal for incompetency and misconduct pursuant to section 75 of the Civil Service Law. Rejecting proceedings under section 75, petitioner instead elected to proceed under the collective bargaining agreement between the district and his collective bargaining representative, the Bethlehem Central United Employees' Association and, on April 13, 1977, he filed a grievance requesting that his suspension be reviewed in accordance with said agreement. As a result, the matter proceeded through the first two steps of the agreement's grievance procedure, including a hearing conducted by petitioner's general supervisor, at the conclusion of which petitioner's suspension was sustained and petitioner was discharged, by a decision rendered December 27, 1977. There followed Step No. 3 of the grievance procedure wherein the board of education, following a hearing, sustained petitioner's suspension and discharge, effective February 6, 1978. Subsequently, pursuant to Step No. 4, the Grievance Committee of the Bethlehem Central United Employees' Association demanded, by letter dated February 10, 1978, that the matter be submitted for arbitration. With these circumstances prevailing, on February 15, 1978 petitioner instituted the present proceeding wherein he sought an order directing that the district's action be annulled and that he be reinstated with back pay from February 6, 1978 or, in the alternative, that the district be prohibited from removing him from the payroll until the arbitration decision was made. In its decision, entered April 12, 1978, Special Term granted the petition to the extent of ordering that petitioner be paid all his lost wages since February 6, 1978 and that he be restored to the payroll until the final arbitration decision was made. This appeal ensued. We hold that the order of Special Term must be reversed. Basically, the court, in granting petitioner's application, concluded that, pursuant to subdivision 3 of section 75 of the Civil Service Law, petitioner

could not be suspended without pay for a period in excess of 30 days pending his arbitration decision even though he had chosen to proceed under the collective bargaining agreement rather than in accordance with section 75 of the Civil Service Law. In our view, however, any fair reading of the statutory subdivision in question leads inescapably to the conclusion that it applies solely to proceedings under section 75 of the Civil Service Law and, accordingly, that it limits suspensions without pay only when a section 75 hearing and determination are pending. Such being the case, we hold that petitioner waived this statutory limitation on the length of his suspension without pay by electing to proceed under the bargaining agreement and that he thereafter could resort only to the procedures established in the bargaining agreement to resolve his differences with the district (cf. *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921). In so ruling, we would further emphasize that our result reached here in no way deprives petitioner of rights provided him by law. At the outset of the present dispute, petitioner concededly retained his personal right and unilateral option to select the type of hearing he desired. However, once he opted for a hearing under the bargaining agreement, by his own choice he agreed to be bound by the procedural framework established in that agreement and he cannot properly demand to receive advantages embodied in the separate and distinct procedures enacted for a section 75 hearing. Moreover, since the question of back pay is an arbitrable issue according to the express provisions of the bargaining agreement, in proceeding thereunder petitioner had available an alternative procedure apart from subdivision 3 of section 75 of the Civil Service Law to ensure that he would receive the back pay, if any, to which he was entitled. Lastly, we would point out that a somewhat analogous case involving this same petitioner was previously before this court, and in that instance we approved, at least by inference, a suspension of petitioner without pay for more than 30 days *(Matter of Kavoukian v Bethlehem Cent. School Dist.,* 63 AD2d 767). For the reasons above stated, we reach a similar result here. Judgment reversed, on the law, and petition dismissed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.