■ In the Matter of LAURENCE A. WARNER, Petitioner, v BETHLEHEM CENTRAL SCHOOL DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Bethlehem Central School District which dismissed petitioner from employment with the school district. Petitioner's employment as a school custodian was governed in part by the terms of a collective bargaining agreement which included a four-step grievance procedure culminating in arbitration. He invoked its provisions upon his discharge for allegedly improper contacts with a female student. Unsuccessful at Steps 1 and 2, he asked the respondent board of education (board) for its discretionary Step 3 review of those prior decisions. It conducted a hearing, as was its prerogative under the agreement, and upheld the actions previously taken. Petitioner alleges that he then requested the Grievance Committee specified in Step 4 of the procedure to demand arbitration of the matter, but that it denied his request. The instant article 78 proceeding was thereafter commenced to review the board's determination sustaining petitioner's termination on grounds that he was not given an opportunity to confront and examine the complaining pupil and that its decision was not supported by substantial evidence. Grievances are expressly defined in the collective bargaining agreement as including disputes over such matters as the discharge of an employee for cause. Petitioner does not assert that the machinery provided for the resolution of this controversy was inapplicable to him, nor does he contend that those procedures were not followed in any technical respect. In effect, petitioner is asking us to read standards of due process and substantial evidence into the contractual Step 3 grievances procedure and, on that basis, to undertake judicial review of the determination made at that level by the board. We decline to do so. It is now settled that collective bargaining agreements may modify or even supplant more traditional forms of protection for public employees (see *Matter of Abramovich v Board of Educ.*, 46 NY2d 450; *Matter of Auburn Police Local 195, Council 82, Amer. Federation of State, County & Municipal Employees, AFL-CIO v Helsby*, 62 AD2d 12,

affd 46 NY2d 1034; *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921). Having bargained for and elected to pursue such an alternative process, petitioner was bound by the result and may not be heard to claim the benefit of more stringent requirements which might have obtained in other disciplinary formats (cf. *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122, 132; *Matter of Kavoukian v Bethlehem Cent. School Dist.,* 63 AD2d 767, mot for lv to app den 46 NY2d 709). Since petitioner was free to avoid the board's Step 3 role entirely by pressing for arbitration immediately after the Step 2 decision, and since the board was also authorized to decline this intermediate review function if it so chose, it seems particularly inappropriate for him to maintain that the board some-how bound itself to standards that would apply in the absence of a contract had it alone undertaken disciplinary measures. Moreover, it should be noted that even if we permitted this article 78 proceeding to become the vehicle for review of his dissatisfaction with the outcome of the grievance process and accepted in full his rigorous interpretation of the contractual provisions at issue, petitioner would still not be entitled to any relief. At the board "hearing", evidence consisting of admissions sufficed to establish his miscon-duct without resort to testimony from the victimized student. Such proof is a well-recognized exception to the hearsay rule and there is no indication that petitioner was prevented from calling her as a witness or was barred from offering his own explanation of the incident (see *Matter of Miles v Nyquist,* 60 AD2d 133). Accordingly, we discern no reason in theory or fact to entertain this petition and conclude that it should be dismissed. Petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.