In the Matter of the Arbitration between SUSQUEHANNA VALLEY TEACHERS ASSOCIATION, Appellant, and BOARD OF EDUCATION OF THE SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT, Respondent.

Third Department, June 26, 1980

### APPEARANCES OF COUNSEL

*Paul E. Klein,* attorney *(Aswad & Ingraham,* by *Charles O. Ingraham* of counsel), for appellant.

*Shaw, Esworthy, O'Brien & Crowley (Frank C. Shaw* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

The petitioner commenced an arbitration proceeding pursuant to its collective bargaining agreement, by a demand for arbitration on or about May 8, 1974, alleging violation of the agreement arising from the suspension of the two teachers, Elmer F. Hodgkins and Eugene Clayton. Hodgkins was suspended from his position in February of 1974 and the award in issue in this proceeding directs that Hodgkins be returned to his employment with back pay and benefits.

The respondent, with some delay resulting from legal challenges by Hodgkins *(Hodgkins v Central School Dist. No. 1,* 48 AD2d 302, mot for lv to app den 42 NY2d 807), proceeded to remove Hodgkins from its staff upon charges pursuant to section 3020-a of the Education Law, and following a hearing originally demanded by Hodgkins on March 13, 1974, he was dismissed upon findings of guilt on July 23, 1974. On November 18, 1974, Hodgkins commenced an article 78 proceeding to review the July 23 determination of respondent.

In the interim, the petitioner, on or about April 4, 1974, filed a written grievance alleging that the discharge of Hodgkins was improper and in violation of stated provisions of the collective bargaining agreement.

At this point it should be noted that paragraph 3.3 of section III of article 11 of the agreement provides that a grievance, under certain conditions may be presented directly by the petitioner. Further, paragraph 3.14 of the said section explicitly provides that a *teacher* need not pursue the grievance procedure and is free "to pursue any other remedies

available in any other form." The petitioner demanded arbitration on May 8, 1974, and apparently, on November 19, 1974 again demanded arbitration. It should be noted that on or about November 12, 1974 Hodgkins filed a grievance.

On November 17, 1975, the arbitrator denied various procedural defenses of the respondent and ordered a hearing for December 9, 1975 on the merits. On December 15, 1975, the arbitrator issued a further decision directing that Hodgkins be reinstated with back pay from the date of suspension.

On October 1, 1976, the petitioner commenced a proceeding to confirm the award "dated December 15, 1975" and the respondent, while moving to vacate the award, admitted that the award was issued on December 15, 1975. Essentially, the respondent's answer contended that the arbitrator exceeded his powers in proceeding with the matter because the original grievance was for a "suspension" while the final issue involved a "termination" of employment. However, respondent's counsel contended that there had been an election of remedies by Hodgkins and thus, the award should not be enforced. Petitioner replied that respondent had participated in the arbitration and, therefore, was bound by its result as to any impropriety in the submission to arbitration and, further, that there had been no election of remedies by the petitioner. Finally, the petitioner called the attention of Special Term to the fact that *this* court had previously denied a motion by respondent seeking to restrain and enjoin the arbitration.

Special Term rendered a decision on March 9, 1977, which found that this court determined the merits of Hodgkins' article 78 proceeding prior to the date of the arbitrator's award and, therefore, the arbitrator was deprived of jurisdiction, citing *Board of Educ. v Associated Teachers of Huntington* (30 NY2d 122, 132). Accordingly, Special Term, on June 29, 1977, dismissed the petition and granted the respondent's cross motion to vacate the award.

On July 19, 1978, the petitioner moved to renew its motion to confirm the award based upon new evidence which established that the award was in fact made prior to the decision of this court in the article 78 proceeding. The respondent also sought reargument, and Special Term granted the motion to renew and reaffirmed its prior order dismissing the petition. Upon the reconsideration, it appears that in effect Special Term has held that since the remedies sought in both the arbitration and the article 78 proceeding were identical, the

choice of a judicial remedy precludes arbitration. As summed up by Special Term "they cannot expect two bites at the apple."

The present case has similarity to the case of *Matter of City School Dist. of City of Poughkeepsie (Poughkeepsie Public School Teachers Assn.)* (35 NY2d 599). The collective bargaining agreements in both cases recognize that there are other remedies than the grievance procedure available to teachers and do not prohibit the simultaneous pursuit of available remedies. The grievance procedure herein was commenced in April of 1974, well in advance of the institution of any other available remedy by Hodgkins, whereas in *Poughkeepsie* the statutory and grievance procedures were initiated on the same day. The contention of the respondent that seeking a hearing pursuant to section 3020-a of the Education Law would be an election of remedies was rejected by Special Term and it would seem apparent that a mere hearing is not a remedy. However, if Hodgkins had filed the grievance procedure and rejected the statutory procedure of section 3020-a of the Education Law it would have been an election of remedies *(Matter of Kavoukian v Bethlehem Cent. School Dist.,* 70 AD2d 1026, 1027).

In the instant case, as in *Poughkeepsie,* it is apparent that the petitioner could not have invoked the review by article 78 of the suspension or of the dismissal of Hodgkins. Further, while not identical with *Poughkeepsie,* it is provided in the present agreement that arbitration could not be sought by Hodgkins except with the consent of the petitioner and, therefore, in both cases the contractual remedy of arbitration was not freely available to the individual teacher. Under such circumstances, there has been no waiver of any of the remedies available to Hodgkins or the petitioner, and as in *Poughkeepsie* the issues raised in the proceedings are discrete. In the article 78 proceeding, the issue was whether or not there was substantial evidence to support a finding of a statutory basis for the discharge of a tenured teacher, whereas in the contractual proceeding the issue relates to compliance with the contract and, in particular, the provision that "[n]o tenured teacher will be disciplined, reprimanded, dismissed, reduced in rank or compensation or deprived of any professional advantage without just cause." As in the *Poughkeepsie* case *(Matter of City School Dist. of Poughkeepsie [Poughkeepsie Public School Teachers Assn.], supra,* p 605), the mere fact

that the agreement exposes the parties to duplicative procedures does not mandate a dismissal of the award.

Since the only grounds for vacating an arbitration award are found in CPLR 7511 (subd [b]) and none exist here, the award should be confirmed.

The order entered January 25, 1979 should be modified, on the law, by striking so much thereof as reaffirmed the order of July 1, 1977, and by inserting a provision vacating the order of July 1, 1977, granting the petitioner's motion to confirm the award and denying the respondent's cross motion to vacate the award, and, as so modified, affirmed, with costs to petitioner.

GREENBLOTT, J. P., STALEY, JR., MAIN and MIKOLL, JJ., concur.

Order entered January 25, 1979 modified, on the law, by striking so much thereof as reaffirmed the order of July 1, 1977, and by inserting a provision vacating the order of July 1, 1977, granting the petitioner's motion to confirm the award and denying the respondent's cross motion to vacate the award, and, as so modified, affirmed, with costs to petitioner.