OPINION OF THE COURT
Sam Eisenberg, J.
The court has received a letter from the defendant seeking to reopen an award and determination made by an arbitrator in the Small Claims Part of this court because of alleged bias and unfairness in the conduct of the arbitration hearing. Subsequently, an attorney representing the defendant sought to reopen the matter by means of an order to show cause submitted to the court.
An award by an arbitrator in a Small Claims Court is final and binding upon the parties. There is no record made in an arbitration proceeding and there is, therefore, no way to test the allegations of the complaining party concerning the conduct of the arbitration proceeding. The parties were explicitly advised as to the nature of the arbitration proceedings and they consented thereto in writing. The courts have consistently held that there is no appeal from the award of an arbitrator in a Small Claims Court. (Fisher v Combine of Westchester, NYLJ, Sept. 4, 1975, p 7, col 4 [App Term, 2d Dept].) Where the parties stipulate to submit their matter to arbitration, they waive thereby their right to appeal from the award. (Bernstein v Allan, NYLJ, Jan. 16, 1975, p 2, col 1 [App Term, 1st Dept].)
The rationale of these conclusions flows from the fact that no record has been made in the arbitration proceedings. Reopening might be justified if the application to reopen the matter were made in reliance upon evidence of *121 bias outside the proceedings. But, where reliance is upon the proceedings themselves, the matter cannot be reopened.
The motion of the defendant for a rehearing is therefore denied and the court will not entertain the order to show cause submitted to it.