■ FERMAN DYE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — In a proceeding pursuant to CPLR article 78, (1) petitioner seeks to review a determination of the respondent New York City Transit Authority, dated November 12, 1980, which, pursuant to the disciplinary decision of an impartial arbitrator, demoted him from the title of bus operator to that of railroad clerk, and (2) petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered June 24, 1981, as found, as a matter of law, "that the portion of the Civil Service Law which permits waiver of certain rights and benefits of Civil Service employees" was not unconstitutional. Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and petition dismissed in its entirety. It is well settled that a contract provision in a collective bargaining agreement may modify, supplement, or replace the more traditional forms of protection afforded public employees, for example, those in sections 75 and 76 of the Civil Service Law which delineate procedures and remedies available to employees to challenge disciplinary action taken or proposed to be taken against them by their employers (see *Matter of Abramovich v Board of Educ.,* 46 NY2d 450; *Matter of Auburn Police Local 195, Council 82, Amer. Federation of State, County & Municipal Employees, AFL-CIO v Helsby,* 62 AD2d 12, affd 46 NY2d 1034; *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921; *Matter of Warner v Bethlehem Cent. School Dist.,* 72 AD2d 824). Moreover, the fact that an employee does not personally approve a collective bargaining agreement negotiated by his union does not make the agreement any less binding upon that employee (*Antinore v State of New York,* 49 AD2d 6, 10-11, *supra*). Where, as at bar, an employee, pursuant to the provisions of a collective bargaining agreement, knowingly and voluntarily waives his right to a hearing under section 75 of the Civil Service Law and to any appeal therefrom under section 76, and instead elects to proceed to arbitration pursuant to the optional grievance machinery provisions of the bargaining agreement, agreeing to be bound by the same, he cannot later demand or receive the benefits afforded an employee who opts to proceed under the alternate disciplinary procedure governed by sections 75 and 76 of the Civil Service Law (cf. *Matter of Warner v Bethlehem Cent. School Dist., supra; Matter of Kavoukian v Bethlehem Cent. School Dist.,* 70 AD2d 1026, 1027). Accordingly, the proceeding instituted pursuant to CPLR article 78 should be dismissed in that it was the improper vehicle to challenge the award of an impartial arbitrator. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.