OPINION OF THE COURT
Joseph P. Kuszynski, J.
In this CPLR article 78 proceeding, petitioner Little Valley School District (School District), seeks a permanent stay of an application for arbitration filed by the respondent Donald H. Poole (Poole) and the Little Valley Teachers Association (Teachers Association). Respondents cross-move to compel the arbitration.
When charges were filed against Poole, a teacher employed by the petitioner School District which accused him of conduct evidencing immoral character, conduct unbecoming a teacher and insubordination, Poole requested a hearing as provided for in section 3020-a of the Education Law.
A statutorily prescribed three-member panel was then convened which sat a total of 10 days, hearing proof intermittently during June, 1980, February, 1981 and April, 1981. The panel unanimously found Poole guilty of the charges of conduct unbecoming a teacher and insubordination. He was acquitted, however, of the charges of conduct evidencing immoral character. The panel imposed the penalty of “immediate termination from service”, and three *902 days later, on April 9, 1981, respondent Poole’s employment with the School District was terminated.
Thereafter, Poole, and the respondent Teachers Association did not avail themselves of a review either by an appeal to the State Commissioner of Education or by a CPLR article 78 proceeding as provided in subdivision 5 of section 3020-a of the Education Law, but filed a grievance with the district’s superintendent of schools alleging Poole had been dismissed without “just cause” demanding arbitration as described in the 1980 collective bargaining agreement (agreement) entered into by the School District and the Teachers Association.
Petitioner School District submits that the filing of a grievance under the agreement’s arbitration procedure is an impermissible attempt to circumvent the statutorily prescribed appeal process provided for in subdivision 5 of section 3020-a of the Education Law, for review of a determination made by a hearing panel.
Petitioner sets forth that the arbitration provisions of the agreement assign for resolution through the arbitral process, disputes arising from the violation, misinterpretation or from an inequitable application of any portion of the agreement. The School District points out that Poole’s dismissal arises not from a contract violation, but from acts spelled out in section 3020 of the Education Law as to which charges were filed and processed through a 3020-a panel hearing.
Petitioner contends also that the respondents no longer have any recourse to the agreement’s grievance procedure, no matter how broad the contract definition may be of a grievance, after a 3020-a panel hearing.
Respondents on the other hand contend Poole is entitled to a review of the panel’s determination by means of the arbitration route in reliance upon Board of Educ. v Associated Teachers of Huntington (30 NY2d 122) and Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. v United Liverpool Faculty Assn. (42 NY2d 509), which they contend stand for an arbitral approach to the resolution of disputes between a public employer and an employee.
*903 The posited issue before this court is whether section 3020-a of the Education Law as amended by chapter 82 of the Laws of 1977 allows for the submission by a school district of a determination made by a section 3020-a hearing panel to arbitration under the grievance procedure contained in a collective bargaining agreement between a school district and a teachers association.
The 1977 amendment changed the effect of a section 3020-a hearing panel’s determinations. Previously a panel’s determination served only as a recommendation to the Board of Education. Now the amendment makes such determinations binding upon a school district.
Petitioner School District argues that a submission of a section 3020-a panel’s determination to a review by way of the arbitration procedure contained in a collective bargaining agreement would interdict public policy considerations, as subdivision 5 of section 3020-a of the Education Law limits review to an appeal to the Commissioner of Education or to the courts by way of an article 78 proceeding.
Petitioner contends also that the change brought about by the 1977 amendment which makes binding upon it the recommended penalty of the hearing panel, forecloses any review by arbitration where a different result could conceivably be reached.
The rationale advanced by Huntington (supra), decided in 1972 and Liverpool (supra), decided in 1976, favoring an arbitral review, no longer has any application after 1977, when by legislative fiat only two methods are available to a chastized teacher for a review of the adverse determination of charges by a 3020-a hearing panel. Once the issues have been submitted to such a hearing, the binding aspects of the panel’s determination upon the School District have stripped the School District of any discretion to agree to a submission of the controversy to any processing under the grievance procedures of the agreement. In Matter of South Colonie Cent. School Dist. (South Colonie Teachers Assn.) (46 NY2d 521, 526) the Court of Appeals has stamped subdivision 5 of section 3020-a of the Education Law as “a statutorily mandated procedure for review”.
*904 The amendment to section 3020-a of the Education Law changed the three-way option previously available to a disciplined teacher under the Huntington (supra) and Liverpool (supra) cases. Here, respondent Poole, having invoked the panoply of the statutorily provided hearing forum afforded him under the Education Law, is bound to a review of its determination only by the two statutorily provided for avenues, an appeal to the State Commissioner of Education or the courts in a CPLR article 78 setting.
The statutory scheme of subdivision 5 of section 3020-a of the Education Law, because of its binding impact upon a school district, has effectively limited review to the two specified methods and impliedly has eliminated any arbitral review. (See Susquehanna Val. Teachers Assn. v Board of Educ., 75 AD2d 140, affd 52 NY2d 1034.)
Matter of Abramovich v Board of Educ. (46 NY2d 450), cited by respondents, concerns itself with arbitration absent any 3020-a panel determination.
Clearly, once a 3020-a panel has been convened and has decided charges filed against a teacher, the recommended penalty is binding upon a school district barring any claim of irregularity. It follows then, that a school district cannot agree to a resubmission of the same issues or the penalty imposed, which would be tantamount to a retrial of the issues, to an arbitral processing as a grievance under the agreement. The decision of the hearing panel is res judicata upon the School District unless modified or set aside either by an order of the State Commissioner of Education or a court in a CPLR article 78 decision.
The arbitration is permanently stayed and the motion to compel arbitration is denied in its entirety.