OPINION OF THE COURT
Sam Eisenberg, J.
The defendant has moved this court to set aside the award of an arbitrator in a small claims proceeding on the ground that she did not understand that the hearing would result in a final determination. In support of her application she states that she is not well educated, having only a fifth-grade education and that she did not understand the importance of the paper (the consent to the arbitration) which she signed for the arbitrator. Her supporting affidavit does set forth a meritorious defense. This court has previously ruled that an award in the Small Claims Court is final and binding upon the parties (Finigan v Fagnani, 113 Misc 2d 120.) But, that does not mean that an arbitrator’s award may never be set aside and where substantial justice dictates, the court should not hesitate to do so. This case requires such action. There is considerable doubt as to whether the defendant understood what she was doing when she signed the consent to submit her controversy to arbitration. While arbitration awards should not be lightly set aside and with no reflection upon the propriety of the arbitrator’s action, the court concludes that the purpose of small claims proceedings would best be served by setting aside the award herein and restoring the matter to the calendar. It is, therefore, restored to the calendar of September 8, 1982 at 6:30 p.m.