■ In the Matter of JACQUELINE STOKER, Petitioner, v MARIANNE TARENTINO, as Health Service Director of the Ann Lee Home, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Albany County Legislative Grievance Committee which sustained certain disciplinary action against petitioner. ¶ Petitioner was employed as a licensed practical nurse at the Ann Lee Home, a health related facility owned and operated by the County of Albany. During a hearing held on charges accusing petitioner of verbally abusing a patient, petitioner described a toilet incident involving the patient. The administrator of the home concluded that the described incident constituted patient neglect. As a result,

petitioner was "permanently transferred to the day shift in a non-charge L.P.N. capacity". ¶ Subsequently, petitioner filed a grievance pursuant to the grievance and disciplinary provisions of the collective bargaining agreement then in effect between her union and respondent County of Albany. The grievance procedure is a four-step process which culminates in a decision by the Albany County Legislative Grievance Committee (committee). Upon being notified that the initial verbal abuse charge was to be expunged from her record because the patient became unable to testify, petitioner requested reinstatement to her former position. This request was refused. She then filed a second grievance on February 4, 1982. Her grievances were processed through the grievance procedure and she ultimately filed for a "step four" hearing by the committee concerning both grievances. Petitioner sought to have this step four hearing conducted pursuant to section 75 of the Civil Service Law, but respondent Joseph C. Benson, chairman of the committee, declined to do so saying that the grievance procedure of the collective bargaining agreement was much more informal than a hearing conducted pursuant to the statute. ¶ The step four hearing was thereafter held and on May 11, 1982, the committee sustained the charge of patient neglect; since no further incidents had occurred, the committee directed that petitioner "no longer be prohibited from working any particular shift, and that the administration consider grievant's application to work in a charge capacity upon the next available opening". On September 3, 1982, she resumed her position on the night shift as a charge nurse. ¶ By petition dated September 8, 1982, petitioner commenced the instant proceeding to review the May 11, 1982 determination and for retroactive pay, wages and benefits. She also seeks to expunge from the records and files of the Ann Lee Home any mention of the patient neglect and patient abuse charges. ¶ Respondents claim that the "final and binding" language contained within step four of the grievance provisions of the collective bargaining agreement (art 16, § 2) constitutes a waiver of judicial review. We disagree. Although a contract provision may modify or replace the more traditional forms of judicial protection afforded public employees (see, e.g., *Dye v New York City Tr. Auth.,* 88 AD2d 899, affd 57 NY2d 917; *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921), the express language of the bargaining agreement in this case indicates that petitioner did not intend to waive judicial review of the disciplinary action taken against her. Sections 1 and 5, respectively, of article 17 of the collective bargaining agreement provide: ¶ "All such disciplinary and discharge action shall be subject to the terms of the Grievance Procedure of this Agreement and also in accordance with the provisions of the Civil Service Law of the State of New York * * * ¶ "Any disagreements as to the nature or severity of the infraction will be subject to the Grievance Procedure." ¶ Thus, section 1 of article 17 of the bargaining agreement expressly provides that all disciplinary actions shall be governed by both the grievance procedure and the Civil Service Law. Subdivision 1 of section 76 of the Civil Service Law provides that an employee may bring a CPLR article 78 proceeding to review a disciplinary determination. The claim that petitioner knowingly waived the right to judicial review, therefore, cannot stand. ¶ Petitioner's contention that the determination of the Albany County Legislative Grievance Committee is not supported by substantial evidence is without merit. Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact; it is less than a preponderance of the evidence but more than mere surmise, conjecture or speculation (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228). Put differently, there must be a rational basis for the decision (*Matter of Pell v Board of Educ.,* 34

NY2d 222, 231). ¶ A review of the instant record reveals that petitioner admitted at the hearing to leaving the patient by herself in the bathroom. There was testimony that, immediately prior to the toilet incident, the patient required assistance to get out of bed. The assistant director of health services at the Ann Lee Home, a registered nurse, testified that the patient should not have been left alone in the bathroom if she required assistance in getting out of bed. Thus, it is clear that the determination is supported by substantial evidence. ¶ Petitioner, however, correctly contends that the collective bargaining agreement affords her certain procedural rights contained in the Civil Service Law. As mentioned previously, section 1 of article 17 of the collective bargaining agreement provides that all disciplinary actions shall also be governed by the Civil Service Law. The agreement effectively incorporates by reference sections 75 through 77 of the Civil Service Law pertaining to disciplinary actions. Since section 75 (subd 3) of the Civil Service Law provides employees with the right to receive a copy of a disciplinary hearing transcript "without charge", petitioner should be reimbursed for the cost of the transcript of the step four grievance hearing. ¶ Finally, petitioner's claim that the committee acted in excess of its jurisdiction is refuted by the language of the collective bargaining agreement. The agreement clearly provides, in article 17 (§§ 1, 5), that all disciplinary actions shall be governed by the grievance procedure, which culminates in a hearing and a decision by the committee (art 16, § 2). It is well settled that collective bargaining agreements may modify or even supplant statutory forms of protection for public employees (see *Matter of Abramovich v Board of Educ.*, 46 NY2d 450, cert den 444 US 845; *Dye v New York City Tr. Auth., supra; Matter of Warner v Bethlehem Cent. School Dist.*, 72 AD2d 824). ¶ Determination modified, by directing respondents to reimburse petitioner for the cost of the transcript of the step four grievance proceeding, and, as so modified, confirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.