■ RONALD S. KACZALA, Appellant, v BOARD OF EDUCATION OF EAST RAMAPO CENTRAL SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of East Ramapo Central School District dated August 21, 1985, made after a hearing, which found the petitioner guilty of various acts of misconduct and dismissed him from his position as a tenured teacher, the petitioner appeals from a judgment of the Supreme Court, Rockland County (West, J.), entered December 11, 1985, which confirmed the determination and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner does not seek review of the issue of whether there was substantial evidence to support the findings of guilt as to the charges lodged against him, and alleges only that the penalty of dismissal was improper. We find that this penalty, while obviously severe, is not, under all of the circumstances, so disproportionate to the offenses in question as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). In addition, we note that a Board of Education is required to follow the recommendation of a hearing panel convened pursuant to Education Law § 3020-a (see, Poole v Little Val. Cent. School Dist., 114 Misc 2d 901, 903, affd 99 AD2d 650) and that a court should generally not substitute its judgment for that of such a panel. There is a presumption that the panel possesses an expertise which places it in a better position to evaluate the penalty to be applied in cases of misconduct than those lacking their special insight or experience (cf. Kostika v Cuomo, 41 NY2d 673; Matter of Ahsaf v Nyquist, 37 NY2d 182). In this case, the hearing

panel, taking into account the need to protect other students from the harm that would result from the repetition of the petitioner's misconduct, recommended his discharge; this recommendation, which was binding upon the respondent Board of Education, should not now be disturbed. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.