■ In the Matter of the Arbitration between SUSQUEHANNA VALLEY TEACHERS ASSOCIATION, Respondent, and BOARD OF EDUCATION OF THE SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT, Appellant.—Yesawich, Jr., J. Appeal (1) from that part of an order of the Supreme Court at Special Term (Smyk, J.), entered June 3, 1986 in Broome County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitrator's award, and (2) from the judgment entered thereon.

This appeal stems from an arbitration proceeding initiated by petitioner as a consequence of disciplinary action taken by respondent against two tenured teachers, Eugene Clayton and

Elmer Hodgkins, in 1974; the teachers were charged with using excessive physical force upon students in contravention of school policy. Petitioner's grievance giving rise to the arbitration was in substance that just cause for the discipline administered by respondent against these teachers, i.e., their eventual discharge, was not demonstrated.

The evidence submitted by respondent at the arbitration hearings, held in 1975, with respect to both teachers was virtually identical and the arbitrator's award, made in favor of Hodgkins, has been judicially confirmed and found to be proper in every respect *(Matter of Susquehanna Val. Teachers Assn. [Board of Educ.], 75 AD2d 140, affd 52 NY2d 1034).*

Due in part, however, to the fact that Clayton had commenced a separate CPLR article 78 proceeding to vindicate his rights, the arbitrator deferred final remedial action on the grievance insofar as it related to Clayton, but retained jurisdiction of it pending resolution of Clayton's legal proceedings. When they were concluded, petitioner's request to have the arbitrator reconvene a hearing on the Clayton matter was honored, further hearings were held in 1985 and, like Hodgkins, Clayton was ordered reinstated and awarded back pay less certain deductions. Significantly, the arbitrator found this case to be an "exact twin" of the Hodgkins case. The award at issue herein was patterned after the Hodgkins award which, as mentioned, has heretofore been approved by the courts. Petitioner's motion to confirm the instant award was granted, prompting this appeal.

Respondent's criticism of the award is that it is "imperfectly executed" in that certain evidentiary matters were not considered *(see,* CPLR 7511 [b] [iii]) and a claim, lacking sufficient substance in the record to merit comment, that the arbitrator was biased.

The thrust of respondent's argument that the award violates CPLR 7511 (b) (iii) is that the arbitrator impermissibly denied respondent an opportunity to introduce evidence of Clayton's use of excessive physical force on students. A reading of the record belies this contention. The arbitrator simply refused to reopen the hearings in 1985 to entertain evidence which was available to respondent in 1975 at the time of the initial hearings, but which it opted not to present. Having had the opportunity to introduce this evidence at the earlier hearings, and having declined to do so and rested, it cannot be said that the arbitrator's denial of the motion to reopen the proceedings was an impropriety such as to render the award imperfectly executed, nor can it be equated with the prejudi-

cial misconduct adverted to in *Matter of Professional Staff Congress/City Univ. v Board of Higher Educ.* (39 NY2d 319, 323) and *Matter of Lewis v County of Suffolk* (70 AD2d 107), authorities relied upon by respondent to support its argument.

Order and judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.