OPINION OF THE COURT
John V. Rogowski, J.
This is an application by defendant for a stay pending appeal. Plaintiff opposes the application, and has cross-moved for an order dismissing the appeal.
Plaintiff instituted a small claims action in the City Court of Buffalo to recover for property damage arising from an automobile accident on April 17, 1989. Defendant counterclaimed. On June 28, 1989, both parties, each represented by counsel, *1089 executed a written waiver in the action and agreed to have the case heard and decided by an arbitrator. The waiver provided as follows: "The parties above-named consent that ROBERT H. PERK, arbitrator, shall hear and decide the above claim (and counterclaim). We further agree to abide by the Uniform City Court Rules as they apply to this proceeding and affirm that the decision of the arbitrator is final and that no appeal shall lie from the award. ” (Emphasis added.)
The arbitrator awarded plaintiff the sum of $1,643.94, plus costs, and dismissed defendant’s counterclaim. Thereafter, by order to show cause granted January 12, 1990 by Honorable Alois Mazur, Buffalo City Court Judge, defendant sought to have the arbitrator’s award vacated and the case tried de novo. She asserted as grounds for vacatur matters cognizable under CPLR 7511 ("Vacating or modifying [arbitration] award”). By amended order granted February 21, 1990, Judge Mazur denied defendant’s vacatur motion in all respects, and it is from such amended order that the within appeal has been taken.
UCCA 1802 establishes a small claims part in all city courts, and grants to the Chief Administrator of the Courts the power to prescribe "rules * * * regulat[ing] the practice and procedure controlling the determination of such claims”. Section 1802 also provides that small claims practice and procedure may differ from the practice and procedure "used in the court for other than small claims, notwithstanding any provision of law to the contrary. * * * The procedure established pursuant to this article shall not be exclusive of but shall be alternative to the procedure now or hereafter established with respect to actions commenced in the court by the service of a summons.” (Emphasis added.)
Section 210.41 of the Uniform Rules for Trial Courts (22 NYCRR), promulgated by the Chief Administrator of the Courts with the advise and consent of the Administrative Board of the Courts,[1] establishes the procedures for small claims actions. With exceptions not relevant here, section 210.41 (m) permits the submission by the parties to voluntary arbitration of any small claims controversy, and provides that a written consent to arbitrate must be executed which con *1090 tains, inter alia, language "that the decision of the arbitrator is final and that no appeal shall lie from the award” (22 NYCRR 210.41 [m] [2]). It should be noted in passing that the procedures outlined in the Chief Administrator’s rules for voluntary small claims arbitration differ markedly from the arbitration procedures set forth in CPLR article 75 ("Arbitration”).
It is settled that "[n]o appeal lies from a judgment entered pursuant to an award by an arbitrator in a small claims proceeding”. (Molloy v Froyton, 124 Misc 2d 865.) The sole issue here is whether a losing party in a small claims arbitration may nevertheless obtain "review” of the arbitrator’s award by means of a motion to vacate the judgment. I am aware that Molloy v Froyton (supra) and Gilmore v Jackson (120 Misc 2d 690) hold that such an attack on the judgment is possible, each case so concluding on somewhat differing rationales. However, neither case is binding upon me and I am convinced that the principle expressed by these cases is contrary to the analysis of Antinore v State of New York (49 AD2d 6, affd 40 NY2d 921), which I believe compels a contrary result.
Antinore involved a binding arbitration clause in a public employment contract, relating to disciplinary disputes, under which the arbitrator’s determinations were "final and binding consistent with the provisions of CPLR Article 75” (supra, 49 AD2d, at 8). The plaintiff employee argued, inter alia, that the statute (Civil Service Law § 76) under which the contract had been formulated, as well as the contract itself, deprived him of due process of law by restricting review of an unfavorable decision. In upholding the arbitration clause, our Appellate Division reasoned that since the parties to the contract had voluntarily agreed to resolve any disputes which might arise between them by means of binding arbitration, they had waived any rights not otherwise contained in the clause. " 'Parties in voluntary agreement are not limited, except for rare matters contrary to public policy, from agreeing to anything they wish’ (Mount St. Mary’s Hosp. v Catherwood, [26 NY2d 493, 507])” (supra, 49 AD2d, at 10).
Here, the parties at small claims voluntarily agreed that "the decision of the arbitrator [was] final”. They likewise acknowledged that no appeal would lie from the arbitrator’s award. I conclude, therefore, that, under Antinore (supra), the parties waived any further proceedings in the case once they had voluntarily embarked on their small claims arbitration. *1091 To hold otherwise would be to engraft a judicial contingency ("subject to review under CPLR article 75”) to the word "final” which it clearly does not possess and to which the parties did not agree.
My research has disclosed no case from any of the Appellate Divisions or our Court of Appeals construing the rules at issue here, and I find nothing with respect to these rules analogous to the legislative history of a statutory provision to guide the courts in this matter. It is clear, however, that the voluntary arbitration procedures established for small claims proceedings are far more streamlined and simplified than either the provisions of CPLR article 75 or the compulsory arbitration provisions contained in the Rules of the Chief Judge part 28 (22 NYCRR 28.1 et seq.). In all such other arbitration enactments there are, inter alia, provisions set forth for the vacatur or modification of arbitration awards. In 22 NYCRR 210.41 (m), such provisions are noticeably absent. There is likewise nothing to suggest that the provisions of CPLR article 75 are to be read into the procedures set forth in the Chief Administrator’s rules.
The purpose of the Legislature in establishing small claims parts of court has been to provide "a simplified and informal procedure to adjudicate such claims” (Knoweles v International Furniture Rental, 87 Misc 2d 326, 327), and a small claims court "is not bound by statutory rules of practice, procedure, pleading or evidence (UCCA, § 1804; Buonomo v Stalker, 40 AD2d 733)” (Harding v New York State Teamsters Council Welfare Trust Fund, 60 AD2d 975, 975-976). The voluntary arbitration procedures established for small claims simplify the practice still further.
It would have been an easy matter for the Chief Administrator to have provided for some form of review under the rules for small claims voluntary arbitration, just as the Chief Judge did with respect to compulsory arbitration, if the same had been intended. It would similarly have been easy to provide for application of CPLR article 75 in small claims arbitrations, to whatever extent deemed advisable. Certainly, the Chief Administrator and the Administrative Board of the Courts must have been aware of the review mechanisms in other arbitration enactments when the subject rules were promulgated. Under the circumstances, I find that the omission of any review mechanism from the voluntary arbitration procedures in small claims matters, coupled with the provision *1092 in 22 NYCRR 210.41 (m) that the arbitrator’s decision "is final”, means that no such review may be had.
Accordingly, plaintiffs cross motion dismissing defendant’s appeal must be granted,[2] which it hereby is, and defendant’s motion for a stay pending appeal is hereby denied as academic.

. The Administrative Board of the Courts "consists] of the chief judge of the court of appeals * * * and the presiding justice of the appellate division of the supreme court of each judicial department.” (NY Const, art VI, §28 [a].)

. As this court has noted supra, there is no authority from the Appellate Divisions or our Court of Appeals on the reviewability of arbitrators’ awards in voluntary small claims arbitrations. Since this is a matter of some significance, the guidance of higher courts than this might well be sought.