■ In the Matter of CURTIS BRIGGS, Appellant, v PETER E. STANGL et al., Respondents. [635 NYS2d 687] —In a proceeding pursuant to CPLR article 78 to vacate and annul a notice of termination dated December 3, 1992, and to reinstate the petitioner to his employment as a subway car conductor for the respondent New York City Transit Authority, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated March 3, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondents' requirement that the petitioner submit to a return-to-work drug test pursuant to a collective bargaining agreement between the respondent New York City Transit Authority and the Transport Worker's Union Local 100 did not constitute an unreasonable search in violation of the Fourth Amendment. The constitutional rights of individual public employees represented by collective bargaining agents may be waived by the consent of those agents (see, Antinore v State of New York, 49 AD2d 6, 10, affd 40 NY2d 921; Matter of Buffalo Police Benevolent Assn. v City of Buffalo, 20 PERB ¶ 3048; see also, Bolden v Southeastern Pa. Transp. Auth., 953 F2d 807, 828, cert denied 504 US 943). In any event, drug testing in the absence of individualized suspicion is reasonable within the meaning of the Fourth Amendment where, as here, the employee's position is safety sensitive (see, Matter of Caruso v Ward, 72 NY2d 432, 437; Matter of Barretto v City of New York, 157 AD2d 116, 120).

The petitioner's claim that the drug test was administered in violation of Federal regulations (49 CFR part 40) introduces new facts that may not be raised for the first time on appellate review (see, Block v Magee, 146 AD2d 730, 732). In any event, those Federal regulations were not applicable to the respondents' drug testing program since they were vacated as exceeding the statutory authority of the Federal agency that had promulgated them (see, Amalgamated Tr. Union v Skinner, 894 F2d 1362).

The petitioner's remaining contention is without merit (see, Laverpool v New York City Tr. Auth., 835 F Supp 1440, 1456, affd 41 F3d 1501; Burka v New York City Tr. Auth., 739 F Supp 814, 821). Thompson, J. P., Altman, Friedmann and Florio, JJ., concur.