■ WARREN BATTAGLIA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [638 NYS2d 663] ■

The requirement that the petitioner submit to a return-to-work drug test pursuant to the respondent's Drug Policy and Instruction, agreed to by the petitioner's union in the applicable collective bargaining agreement, contrary to the finding of the trial court, was not unconstitutional. Certain constitutional rights of individual public employees represented by collective bargaining agents may be waived by the consent of those agents (*Matter of Briggs v Stangl*, 222 AD2d 672, 673, citing, *Antinore v State of New York*, 49 AD2d 6, 10, *affd* 40 NY2d 921; *Buffalo Police Benevolent Assn. v City of Buffalo*, 20 PERB ¶ 3048; *Bolden v Southeastern Pa. Transp. Auth.*, 953 F2d 807, 828, *cert denied* 504 US 943). Consequently, the second random recheck consented to by the petitioner himself in a written agreement was not tainted by any constitutional infirmity. Given the valid consent of the petitioner's union to the drug tests in question, the constitutional issues which might otherwise provide a basis for vacatur of the award are not implicated herein. Concur—Ellerin, J. P., Kupferman, Ross and Williams, JJ.