■ In the Matter of JOHN MAVICA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [734 NYS2d 160] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about February 23, 2001, which converted petitioner bus operator's application pursuant to CPLR article 78 to annul respondent Transit Authority's determination terminating petitioner's employment to an application pursuant to CPLR 7511 to vacate an arbitration award upholding such determination, and, upon conversion, denied the application as untimely and dismissed the petition, unanimously affirmed, without costs.

The proceeding was properly dismissed on the ground that petitioner's remedy, if any, is vacatur of the arbitration award in favor of respondent and against petitioner (*see, Matter of Dye v New York City Tr. Auth.*, 57 NY2d 917, *affg* 88 AD2d 899), and that such relief is unavailable since the application was admittedly made more than 90 days after petitioner received the award (CPLR 7511 [a]). We reject petitioner's argument that the provision in his union's collective bargain-

ing agreement with respondent explicitly implementing an arbitration procedure "in lieu of any other disciplinary procedure that may have previously applied to an employee covered by this Agreement including but not limited to the procedure specified in Sections 75 and 76 of the Civil Service Law" is rendered ambiguous by other provisions of the collective bargaining agreement and respondent's regulations. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.