(February 15, 1979)

■ In the Matter of DENNIS MALONE, Appellant, v CITY OF TROY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 12, 1978 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to dismiss a disciplinary proceeding against him, reinstate him to his former position and recover back pay and benefits retroactive to November 1, 1977. By a letter dated October 31, 1977, petitioner was notified that disciplinary proceedings pursuant to section 75 of the Civil Service Law were being commenced against him and that he was being suspended without pay. During the period in question a contract was in effect between the Civil Service Employees Association, of which petitioner was a member, and the City of Troy. This contract provided for a disciplinary procedure "in lieu of the procedure specified in the Civil Service Law Sections 75 and 76". In the instant CPLR article 78 proceeding, petitioner challenges the validity of the disciplinary proceeding on the ground that the procedure provided in section 75 of the Civil Service Law was being followed rather than the procedure provided in the contract. Special Term dismissed the petition and this appeal ensued. It was determined by Special Term that subdivision 4 of section 76 of the Civil Service Law precludes a municipality from contractually providing for a disciplinary procedure in lieu of that provided by the

Civil Service Law. According to the interpretation of Special Term, only in contracts between the *State* and an employee organization would a disciplinary procedure different from that provided in the Civil Service Law be allowed. Subsequent to the judgment at Special Term, however, two cases were decided which, in our view, require a contrary conclusion *(Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23; *Matter of Auburn Police Local 195, Council 82, Amer. Federation of State, County & Municipal Employees, AFL-CIO v Helsby,* 62 AD2d 12). It is this court's opinion that *Matter of Auburn Police (supra)* is dispositive of the present controversy and requires a determination that the provision in the contract in question providing for a disciplinary procedure in lieu of that provided by sections 75 and 76 of the Civil Service Law was valid. In view of the fact that respondent failed to proceed in accordance with the pertinent contract provisions, the disciplinary proceeding against petitioner must be dismissed. Having determined that the procedure utilized by respondent was improper, we are also of the opinion that petitioner should be immediately reinstated to his former position and he should receive back pay and benefits retroactive to November 1, 1977. The judgment, therefore, must be reversed. Judgment reversed, on the law and the facts, with costs; petition granted and judgment directed to be entered reinstating petitioner to his former position as a supervising mechanic in the City of Troy Department of Public Works together with back pay from November 1, 1977 to the date of his reinstatement less any earnings received by the petitioner during this period. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Herlihy, JJ., concur.