Hon. Joseph A.F. Valenti President New York State Civil Service Commission
Your predecessor asked whether an agreement under the Public Employees' Fair Employment Act (Taylor Law) between a local government and an employee organization may include provisions for discipline and removal of employees that replace the provisions of sections 75 and76 of the Civil Service Law, without giving a covered employee the option of discipline or removal under such statutory procedures.
Section 75 provides that persons holding positions by permanent appointment in the competitive class of the civil service or holding certain positions by permanent appointment in the classified service and who are exempt volunteer firemen or honorably discharged veterans may not be removed or disciplined except for incompetency or misconduct shown after a hearing upon stated charges (§ 75 [1] [a], [b]). Section 76 provides the procedure for appeal of disciplinary and removal actions imposed under section 75 (§ 76 [1], [2], [3]). Section 76 since its amendment in 1972 also provides that sections 75 and 76 may be supplemented, modified or replaced by agreements negotiated between the State and an employee organization under the Taylor Law (§ 76 [4]).
The Taylor Law requires that public employers, including local governments, negotiate collectively with employee organizations in the determination of the terms and conditions of employment (Civil Service Law, Public Employees' Fair Employment Act, § 204 [2]). The subject of discipline is a term and condition of employment; it is therefore a mandatory subject of collective bargaining. (Bd. of Educ., Huntington vTeachers, 30 N.Y.2d 122 [1972]). A public employer may negotiate any matter in controversy, whether or not it involves a term or condition of employment subject to mandatory bargaining, only in the absence of plain and clear prohibitions in statute or controlling decisional law, or restrictive public policy (Matter of Board of Educ. v Yonkers Federationof Teachers, 40 N.Y.2d 268, 273 [1976]). It is our opinion that collective bargaining by local governments as to discipline is not prohibited, hence is authorized, by State law.
Auburn Police Local 195 v Helsby, 62 A.D.2d 12 (3d Dept, 1978), affd on op below 46 N.Y.2d 1034 (1979), so held. This was an appeal from a decision in an Article 78 proceeding brought in relation to a decision by the State Public Employment Relations Board (PERB) that discipline and discharge are prohibited subjects of negotiation for a local government and an employee organization. The union sought negotiation of a proposed contract article that would modify and supplement the disciplinary procedures in section 75. PERB argued that the amendment to section 76 (4) of the Civil Service Law authorizing sections 75 and 76 to be supplemented, modified, or replaced by agreements between the State and an employee organization, by implication established a public policy against agreements by local governments affecting these sections (AuburnPolice Local 195 v Helsby, supra, pp 16-17). In ruling against PERB, the Appellate Division concluded that since sections 75 and 76 were enacted in 1958 prior to the enactment of the Taylor Law in 1967, there could not have been any intent on the part of the Legislature at the time of enactment of sections 75 and 76 to exclude bargaining as to discipline (ibid.). The amendment to section 76 (4) affecting the State (L 1972, ch 283, § 1) implemented collective bargaining agreements between the State and employee organizations and did not establish an intent as of 1958 to prohibit local negotiation of discipline and discharge or an intent in 1972 to create such a prohibition (Auburn Police Local 195 vHelsby, supra, pp 16-17). We believe that the basis for the Court's decision is its finding that the Taylor Law authorizes a local government to bargain with an employee organization as to discipline, an authorization that was not withdrawn by the 1972 amendment to section 76.
The Appellate Division in Auburn Police Local 195 v Helsby, supra, at page 17 cites Antinore v State of New York, 49 A.D.2d 6 (4th Dept, 1975), affd on op below 40 N.Y.2d 921 (1976), a case involving a disciplinary procedure negotiated by the State and CSEA, for the proposition that "the safeguards of sections 75 and 76 may be waived by an employee without violating the constitutional safeguards of due process and equal protection of the laws". The Appellate Division in Antinore concluded that a party may himself waive his due process and equal protection rights under sections 75 and 76 of the Civil Service Law,and that when an employee is represented by an employee organization, the organization's assent to an agreement negotiated with the employer waiving these rights constitutes the employee's assent:
 "CSEA, as designated bargaining agent for a group of public employees in which plaintiff was included, was agent for plaintiff, such that its assent to the agreement was plaintiff's assent. * * * The fact that this plaintiff did not himself approve the agreement negotiated by his representative and now disclaims satisfaction with one aspect of the agreement makes it no less binding upon him." (Antinore v State of New York, supra, pp 10-11).
In our opinion, there is no logical reason to distinguish between Auburn
and Antinore on the question whether an employee waives sections 75 and 76 coverage by virture of a different disciplinary procedure in an agreement between the employees' union and his employer. In Antinore,
section 76 provided express statutory authorization for an agreement between the State and employee organizations replacing sections 75 and 76. In Auburn, the Courts decided that the Taylor Law provided this authority for such agreements between local governments and employee organizations. In either case, it is logical that the holding inAntinore, to the effect that an employee is bound by his union's agreement, should apply. We believe that this is what the Court decided in Auburn, when it cited Antinore.
We conclude that an agreement between a local government and an employee organization under the Taylor Law may include provisions on discipline and removal that supplement, modify or replace sections 75 and76 of the Civil Service Law. An employee represented by such an employee organization would, through the employee organization's assent to the agreement, waive his rights under sections 75 and 76.