OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of the Supreme Court reinstated.
Having been appointed to the position of Nassau County caseworker on November 9, 1984, petitioner served a 16-week probationary period and was given a permanent appointment on March 1, 1985. At the time petitioner was hired, labor relations between Nassau County and its employees were governed by a collective bargaining agreement which provided that employees who had passed their probationary periods would have the benefit of the procedural protections guaranteed by Civil Service Law §75. Although this agreement expired on December 31, 1984, its terms continued in effect during the period when the new contract was being negotiated. The new contract, executed in April of 1985 and stated to be effective retroactively to January 1, 1985, altered the availability of disciplinary protections as follows: "There shall be a trial period of one continuous year for all employees in full-time positions, unless a longer, or new, or additional probationary or trainee period is provided by the Civil Service Commission Rules or by the New York State statute. During this trial period, the employee holding the position shall not have any disciplinary protection. In addition, an employee’s failure of a probationary or trainee period required by the Civil Service Commission shall not be subject to the Disciplinary Procedure” (emphasis supplied).
On June 27, 1985, petitioner was discharged, effective July 3, 1985, without either a written statement of charges or a *888 hearing. After exhausting the grievance procedure, he commenced this proceeding for reinstatement and back pay, contending that he had been deprived of the protections to which he was entitled by statute. The Supreme Court agreed with his position and granted the1 requested relief. The Appellate Division, however, reversed, holding that the above-quoted contract provision, which it deemed applicable to petitioner, constituted a valid negotiated waiver of the rights conferred by Civil Service Law §§ 75 and 76 (see, Civil Service Law § 76 [4]; Matter of Apuzzo v County of Ulster, 98 AD2d 869, affd 62 NY2d 960; Matter of Auburn Police Local 195 v Helsby, 62 AD2d 12, affd 46 NY2d 1034; Antinore v State of New York, 49 AD2d 6, affd 40 NY2d 921). We now reverse.
As is evident from its terms, the new contractual provision establishing a one-year trial period without disciplinary protections for new employees was intended to be applicable only to employees who were still within their "probationary or trainee period.” This provision could not retroactively be applied to petitioner, who had already completed his probationary service and had acquired status as a permanent employee under the provisions of the former collective bargaining agreement by the time the new agreement was executed. Thus, there was no contractual waiver of petitioner’s right to procedural protections, and the cases cited at the Appellate Division, which concern whether such a waiver is a permissible use of the authority conferred by Civil Service Law § 76 (4), are inapplicable.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.