■ In the Matter of GENEVIEVE MILLON, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Williams, J.), entered January 27, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination terminating petitioner's employment.

Petitioner was employed by the Department of Correctional Services as a teacher. To settle a charge of excessive absenteeism, petitioner executed a disciplinary settlement agreement dated May 8, 1987 which imposed a $250 fine and a 12-month disciplinary evaluation period. The agreement specified that during this 12-month period petitioner could be terminated without appeal if her time and attendance record was unsatisfactory. On the first five days of June 1987, petitioner was absent from work and subsequently terminated from employment for failing to report her absences in accordance with her work guidelines. Petitioner challenged her termination as arbitrary and capricious and without due process in this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal followed.

We affirm. Petitioner argues that the disciplinary settle-

ment agreement is void and unenforceable because its use denied her due process. Petitioner's collective bargaining agreement allowed for disciplinary matters to be resolved by written agreement instead of the procedures specified in Civil Service Law §§ 75 and 76. It is well recognized that disciplinary methods in a collective bargaining agreement can be substituted for the statutory procedures *(see, e.g., Matter of Mottironi v Axelrod,* 133 AD2d 948, 949, *lv denied* 70 NY2d 615; *Matter of Apuzzo v County of Ulster,* 98 AD2d 869, 871, *affd* 62 NY2d 960). Furthermore, the agreement was made with participation by petitioner's union and, therefore, cannot be held invalid as a contract solely between the employer and employee as urged by petitioner.

There is also no merit to petitioner's claim that her termination was arbitrary and capricious because her absences resulted from a work-related injury. Petitioner's termination was premised on an unauthorized leave resulting from her failure to advise her employer that she would be absent contrary to her work guidelines. There is nothing in the record to show that the required notification was given. Under such circumstances, respondent's termination of petitioner's employment was not arbitrary and capricious.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.