■ In the Matter of the Arbitration between JEFFREY DICKINSON, Appellant, and STATE OF NEW YORK et al., Respon-

dents.—Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 13, 1991 in Sullivan County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and confirmed the award.

Petitioner, employed by the Department of Correctional Services as a correction officer, was required to submit to urinalysis based upon the alleged statement of an undisclosed informant concerning petitioner's use of drugs. Petitioner's urine tested positive for the presence of marihuana metabolites, as a result of which the Department proposed to terminate petitioner's employment. Petitioner's union initiated a grievance proceeding and, following a hearing, an arbitrator issued an opinion and award denying the grievance and approving the proposed penalty of termination. Petitioner then made application pursuant to CPLR 7511 to vacate the arbitrator's award. Supreme Court dismissed petitioner's application and granted respondents' motion to confirm the arbitration award. Petitioner now appeals.

We affirm. Petitioner's primary contention, that he was unconstitutionally and illegally deprived of an opportunity to challenge the Department's predicate for the drug test, i.e., "a reasonable suspicion that [petitioner] ha[d] reported for duty under influence of illegal controlled substances or [was] engaging in the use, distribution, or sale of illegal controlled substances either on or off duty", was neither raised in the arbitration proceeding nor addressed by the arbitrator and, as such, was waived (see, CPLR 7506 [f]; 7511 [b] [iv]). Moreover, "Directive 2115", promulgated by the Department in 1984 in settlement of a grievance with petitioner's union, provides that "reasonable suspicion" may be based upon confidential information from other Department employees or law enforcement officers and that the identity of a confidential informant may be withheld.

As for petitioner's claim that he was subjected to an illegal search and seizure, "[i]t is well settled that a contract provision in a collective bargaining agreement may modify, supplement, or replace the more traditional forms of protection afforded public employees" (Dye v New York City Tr. Auth., 88 AD2d 899, affd 57 NY2d 917) and that constitutional rights may be waived by voluntary employment agreements (see, Antinore v State of New York, 49 AD2d 6, 10, affd 40 NY2d 921). Petitioner's remaining assertions of error, including the attack upon the arbitrator's determination that minor deviations from the prescribed testing procedure were harmless, do not allege appropriate grounds for vacating or modifying the

award *(see,* CPLR 7511 [b]; *Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907; *Pavilion Cent. School Dist. v Pavilion Faculty Assn.,* 51 AD2d 119, *lvs dismissed* 40 NY2d 803, 845, 42 NY2d 804, 961).

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.