■ In the Matter of ROBERT DeLAIN et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [697 NYS2d 730] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 13, 1999 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Governor's Office of Employee Relations terminating petitioners' employment and to declare article 35.3 of the collective bargaining agreement between the Public Employees' Federation and the State invalid as violative of both the US and NY Constitutions.

Petitioners are former employees of the State and members of the Public Employees' Federation (hereinafter PEF) who lost their employment pursuant to article 35.3 of the 1995-1999 col-

lective bargaining agreement (hereinafter the agreement) between PEF and the State. That article provides, in pertinent part, that "[e]mployees absent from work without authorization for ten consecutive workdays shall be deemed to have resigned from their positions if they have not provided a satisfactory explanation for such absence on or before the eleventh workday following the commencement of such unauthorized absence".

Following a 16-day unauthorized absence from his position as a Youth Division Counselor for respondent Office of Children and Family Services (hereinafter OCFS) from February 24, 1998 to March 9, 1998, petitioner Robert DeLain was notified by OCFS that he was deemed to have resigned his position through abandonment under article 35.3 of the agreement. His request for reconsideration was denied as was an appeal taken on his behalf pursuant to the agreement by PEF to respondent Governor's Office of Employee Relations (hereinafter GOER). Petitioner Mostafa Mosalm, a former civil engineer with respondent Department of Transportation (hereinafter DOT), was granted permission to take a leave of absence from March 10, 1997 to March 28, 1997 to travel to Egypt but did not return to work thereafter, allegedly due to medical reasons. As the result of Mosalm's failure to submit satisfactory medical documentation explaining his absence or to return to work by September 25, 1997, DOT notified him that he was deemed to have resigned from his position under article 35.3 of the agreement. The appeal taken on his behalf by PEF was also denied by GOER.

Petitioners subsequently commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging their terminations. DeLain alone challenges his termination as arbitrary, capricious and contrary to law. Both petitioners, however, contend that they were deprived of their constitutionally guaranteed property interest in their employment without due process of law and seek judgment declaring article 35.3 of the agreement void as violative of the US and NY Constitutions. Supreme Court dismissed the action/proceeding resulting in this appeal.

Initially, we do not find that DeLain's termination was arbitrary, capricious or contrary to law. The record discloses that DeLain telephoned his office on February 23, 1998 to report that he was experiencing back pain and would be unable to come to work. He failed to respond to telephone messages subsequently left by his supervisor at his home. On February 27, 1998, his supervisor sent him a letter advising him of

the necessity of providing medical documentation to substantiate his absence. DeLain did not respond to the letter in any manner until after his supervisor sent him a letter on March 9, 1998 advising him that he was deemed to have resigned from his position. While DeLain asserts that he was experiencing stress and depression during the time period in question and was not living at home, this does not negate the fact that he did not provide a satisfactory explanation for his absence within the 11 days required by article 35.3. Consequently, we decline to disturb the determination terminating his employment (*see, e.g., Matter of Millon v Coughlin*, 147 AD2d 765, *lv denied* 74 NY2d 602).

Likewise, we do not agree with petitioners' claim that their terminations under article 35.3 of the agreement violated their due process rights under the US and NY Constitutions. In addition to specifying the circumstances under which an unauthorized absence constitutes a resignation from employment, article 35.3 sets forth a review procedure providing the discharged employee an opportunity to challenge his or her termination culminating in an appeal to GOER which has the authority to reinstate the employee. This procedure was agreed to by PEF on behalf of its members, including petitioners, through collective negotiations with the State. Both State and Federal courts have recognized that constitutional protections afforded public employees, including due process rights, may be waived by unions acting on their behalf through entering into collective bargaining agreements with public employers (*see, Matter of Dickinson [State of New York]*, 188 AD2d 919, 920, *lv denied* 81 NY2d 708; *Guilford v City of Buffalo*, 177 AD2d 971, 971-972, *appeal dismissed, lv denied,* 79 NY2d 912; *Antinore v State of New York*, 49 AD2d 6, 10, *affd* 40 NY2d 921; *see also, Romano v Canuteson*, 11 F3d 1140, 1141-1142; *Grandi v New York City Tr. Auth.*, 977 F Supp 590, 595, *affd* 175 F3d 1007). It does not matter that the individual employee did not personally sign the agreement or approve the waiver (*see, Dye v New York City Tr. Auth.*, 88 AD2d 899, *affd* 57 NY2d 917; *see also, Grandi v New York City Tr. Auth., supra,* at 595). Inasmuch as article 35.3 was included in the agreement as a result of collective negotiations by PEF acting on behalf of its members, petitioners have effectively waived their right to assert that they were denied additional due process protections. Therefore, we need not address petitioners' remaining contentions.

Mikoll, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.