■ WENDY HAZEN, Appellant, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF NEW YORK et al., Respondents. [906 NYS2d 14]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 23, 2008, which denied the petition to expunge certain letters from petitioner's personnel file, and directed entry of judgment dismissing this proceeding with prejudice, unanimously affirmed, without costs.

The petition was filed on April 16, 2008. Since the administrative actions that form the basis of petitioner's grievance were the placement of the critical letters in her file, the four-month statute of limitations (CPLR 217) applied as of the date of each such action. The placement of any letters prior to December 16, 2007 cannot be considered. As a result, the earliest letter that is open to challenge is dated January 28, 2008.

Moreover, the petition explicitly seeks to compel respondents to expunge the letters from petitioner's file. However, placing the letters into the file, and deciding whether or not to take them out upon petitioner's demand, are essentially discretionary actions. Mandamus to compel is not an available remedy for discretionary action (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]), but is rather an extraordinary remedy limited in its application to vindicate a petitioner's clear legal entitlement to a course of action (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12 [1981]; *see also Matter of Brusco v Braun*, 84 NY2d 674, 680 [1994]).

Petitioner was not entitled to a hearing in this matter. Article 21 of the collective bargaining agreement, as modified, sets forth the teacher's due process rights to review and challenge entries in her personnel file, and there is no reason to conclude that respondents failed to follow the procedural requirements

imposed by that contract or otherwise acted unlawfully. The challenged acts were not disciplinary or penalty measures related to the filing or disposition of formal charges, such as would entitle petitioner to a hearing under Education Law § 3020-a. Concur—Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ.