■ In the Matter of PHYLLIS NUCHMAN, Appellant, v JOEL I. KLEIN, Chancellor, New York City Department of Education, et al., Respondents. [946 NYS2d 113]—

Order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered March 14, 2011, which, among other things, denied the petition seeking to vacate a posthearing arbitration award, dated August 2, 2010, finding petitioner guilty of various specifications and imposing a penalty of four months' suspension of petitioner's employment as a New York City schoolteacher without pay and benefits, and dismissed the proceeding brought pursuant to Education Law § 3020-a (5) and CPLR 7511, unanimously affirmed, without costs.

The arbitration award was made in accord with due process, and was not arbitrary and capricious, irrational, or lacking in evidentiary support (*see City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919 [2011]). Even if respondent Department of Education had failed to comply with the time requirements set forth in article 21 (C) (3) of the collective

bargaining agreement, dismissal of the disciplinary charges against petitioner was not required. Indeed, article 21 (C) (3) merely provides for the removal of a contested writing from an employee's personnel file or record in the event the procedural requirements of the article are not followed, and does not preclude the filing of formal disciplinary charges pursuant to Education Law § 3020-a (*see e.g. Hazen v Board of Educ. of City School Dist. of City of N.Y.*, 75 AD3d 471 [2010], *affd* 17 NY3d 728 [2011]).

To the extent that the record permits review, the hearing officer carefully considered all of the evidence, and its credibility findings in favor of respondents' witnesses are entitled to deference (*see Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856, 857 [2011]).

The penalty imposed does not shock our sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Concur—Saxe, J.P., Sweeny, Acosta and Freedman, JJ. **[Prior Case History: 2011 NY Slip Op 30694(U).]**