■ In the Matter of LONG BEACH PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 287, et al., Appellants, v CITY OF LONG BEACH et al., Respondents. [25 NYS3d 292]—

In a proceeding pursuant to CPLR article 78 to invalidate and rescind the demotion of the petitioner Jay Gusler from the position of lieutenant to the position of firefighter, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (McCormack, J.), entered September 30, 2013, which granted the respondents' motion to dismiss the proceeding and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In 2009, the petitioner Jay Gusler was a lieutenant in the City of Long Beach Fire Department and was a member of a union, the petitioner Long Beach Professional Firefighters Association, Local 287 (hereinafter the Association). Multiple disciplinary and grievance proceedings relating to Gusler's employment had been brought or were pending. In a "Settlement Agreement" executed on October 19, 2009, the City of Long Beach and the Association agreed, inter alia, that Robert L. Douglas would be appointed to preside over a hearing on the charges pending against Gusler. As relevant here, the settlement agreement also provided that Douglas would have "sole and exclusive authority" to determine the timeliness of the charges, Gusler's guilt or innocence, and the appropriate penalty, if any. The City Manager would be required to "implement" Douglas's determination as to penalty, if any, without amendment or modification. The parties subsequently agreed that the hearing would be bifurcated. First, Douglas was to determine guilt or innocence. Then, if necessary, he would hold a hearing as to the penalty.

Following the first hearing, Douglas issued an opinion and award, dated March 17, 2012, finding Gusler guilty of certain charges. Douglas then held a hearing as to the penalty to be imposed. After the parties submitted post-hearing memoranda, Douglas issued an opinion and award, dated December 14, 2012, determining that the penalty to be imposed was Gusler's demotion from the position of lieutenant to the position of firefighter.

In April 2013, Gusler and the Association (hereinafter together the appellants) commenced this proceeding pursuant to CPLR article 78 against the City, the City Manager, and the City Council (hereinafter collectively the respondents), seeking, among other things, to nullify Gusler's demotion. The appellants contended that Douglas was without authority to determine that the penalty would be demotion, because that penalty is not provided for under section 11-54 of the City Code of the City of Long Beach (hereinafter the City Code). Further, inasmuch as Douglas was without authority to issue the penalty of demotion, the respondents' implementation of it—as was required under the settlement agreement—was "arbitrary and capricious, without rational basis, without basis in law, . . . an abuse of discretion, and . . . in excess of [the respondents'] jurisdiction." The respondents moved to dismiss the proceeding, and the Supreme Court granted the motion and, in effect, denied the petition and dismissed the proceeding.

Section 11-54 of the City Code provides, as relevant here, that, for certain specified misconduct, members of the City's Fire Department "shall be subject to reprimand, suspension, dismissal or extra duty." Even assuming that the City Code does not impliedly authorize the imposition of the penalty of demotion, nothing in the City Code precluded the City and the Association from negotiating a collective bargaining agreement that permits imposition of that penalty (*see* Civil Service Law § 76 [4]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 9-10 [2002]; *Matter of DeLain v Governor's Off. of Empl. Relations*, 266 AD2d 627, 629 [1999]; *cf. Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 23 NY3d 482, 492-493 [2014]; *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563, 575-576 [2006]; *Matter of Harris v Nassau County Dept. of Social Servs.*, 73 NY2d 886, 887-888 [1988]). Indeed, in the relevant collective bargaining agreement, the City and the Association expressly authorized the penalty of demotion in cases of certain specified misconduct. Accordingly, in acting within his authority under the settlement agreement to determine the penalty, Douglas selected a penalty expressly authorized by the parties themselves. Further, in abiding by the terms of the settlement agreement, which required the City to impose the penalty determined by Douglas, the imposition of the penalty was not arbitrary or capricious, and the respondents did not abuse their discretion, act without basis in law, irrationally, or in excess of their jurisdiction (*see generally Matter of Nuchman v Klein*, 95 AD3d 645, 645-646 [2012]).

The respondents' contention as to the timeliness of this proceeding is without merit. Rivera, J.P., Balkin, Austin and Roman, JJ., concur.