■ In the Matter of CITY OF LONG BEACH, Respondent, v LONG BEACH PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 287, et al., Appellants. [26 NYS3d 109]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Brown, J.), entered September 30, 2013, which granted the petition to permanently stay arbitration and denied the respondents' cross motion to compel arbitration.

Ordered that the order is affirmed, with costs.

The facts underlying this proceeding are stated in our decision and order on the related appeal (see *Matter of Long Beach Professional Firefighters Assn., Local 287 v City of Long Beach*, 136 AD3d 824 [2016] [decided herewith]) and are supplemented here only as necessary.

The "Settlement Agreement" (hereinafter the settlement agreement) between the City of Long Beach and Jay Gusler's union, Long Beach Professional Firefighters Association, Local 287 (hereinafter the Association), executed October 19, 2009, provided that the parties could challenge or appeal the determinations of the hearing officer, Robert L. Douglas, "through any appropriate means of legal recourse, whether

under the collective bargaining agreement and/or applicable law." The applicable collective bargaining agreement (hereinafter the CBA) provided that the Association had the right to "submit the determination . . . to final and binding arbitration in accordance with the Rules of the New York State Public Employment Relations Board (PERB) for Voluntary Arbitration (Grievance Arbitration), within Fifteen (15) days of the determination. The arbitrator shall review the record of the hearing and . . . decide if substantial evidence supports the determination and penalty." The CBA further provided that "[t]he arbitrator shall have no authority to consider any matter which was not presented in the course of the discipline and shall be the ultimate authority there from."

On December 14, 2012, Douglas issued his "Opinion and Award" determining that the penalty was to be demotion of Gusler from lieutenant to firefighter. The Association did not serve the City with a demand for arbitration before PERB until 32 days later, on January 15, 2013. The City does not dispute the contention that the demand was filed with PERB the same day it was served.

The City commenced this proceeding under CPLR article 75 to permanently stay the arbitration on the ground that the Association's demand was untimely. The Association and Gusler (hereinafter together the appellants) cross-moved to deem the demand for arbitration timely and to compel arbitration. The Supreme Court granted the City's petition to permanently stay arbitration, and denied the appellants' cross motion. The court first held that, in light of the narrowly drawn arbitration provision in the CBA, the timeliness of the Association's demand for arbitration was for the court, not the arbitrator, to decide. Next, the court found that under the clear terms of the CBA's arbitration provision, the demand for arbitration before PERB was not timely. Accordingly, the court granted the City's petition to permanently stay arbitration and denied the appellants' cross motion.

Whether the issue of the timeliness of an arbitration demand is to be determined by the court or by the arbitrator depends on the nature and scope of the agreement to arbitrate (*see Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 907 [1987]; *Silverstein Props. v Paine, Webber, Jackson & Curtis*, 65 NY2d 785, 787 [1985]; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7-8 [1980]; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 363-364 [1978]). Here, we agree with the Supreme Court that the arbitration clause in the CBA is so narrowly

drawn as to clearly withhold the issue of timeliness from the arbitrator. Pursuant to the CBA, the arbitrator was to decide only whether the hearing officer's "determination and penalty" were supported by "substantial evidence" and not any matter "not presented in the course of the discipline." Moreover, the issue of the timeliness of the demand did not involve an interpretation of PERB's rules as to whether its jurisdiction is invoked by service or by filing, because the demand was served and filed the same day. Instead, the issue involved an interpretation of the provisions of the CBA as to whether arbitration was available (*see J. Castronovo, Inc. v Hillside Dev. Corp.*, 140 AD2d 585, 585 [1988]). Accordingly, the court correctly held that the determination as to timeliness was for the court (*see Silverstein Props. v Paine, Webber, Jackson & Curtis*, 65 NY2d at 787).

The Supreme Court also correctly found, on the merits, that the Association's demand for arbitration before PERB was not timely, regardless of whether timeliness was to be measured by service or filing of the demand (*cf. Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc.*, 78 AD3d 847, 849 [2010]). The CBA required that the determination be "submit-[ted]" in accordance with PERB's rules within 15 days after the determination. The determination was made December 14, 2012, but the demand for arbitration before PERB was neither served nor filed before January 15, 2013. Thus, both the service and the filing of that demand were indisputably untimely (*see Matter of Blamowski [Munson Transp.]*, 91 NY2d 190, 195 [1997]). Finally, we reject the appellants' contention that the Association's prior demand for arbitration, before a forum other than PERB, may be regarded as complying with the CBA's 15-day limitation. Specifically, the appellants contend that the fact that they sought arbitration before a different forum should be regarded as a mere ministerial error. The appellants' arguments to the court, however, make clear that the Association's prior demand was not a ministerial error, but a considered decision to invoke the jurisdiction of the other forum, the propriety of which was litigated in another proceeding that is not before us. Rivera, J.P., Balkin, Austin and Roman, JJ., concur.